White J.
 

 delivered the following opinion of the court.
 

 Philips commenced suit before a justice of the peace, and recovered a judgment. Keener appealed to the county court, where Philips again recovered. The cause was removed to the circuit court, where Keener obtained a verdict and judgment, from which the appeal to this court was taken. The record shows, that on the trial in the circuit court, Philips produced an article of agreement, and proved that Keener signed it—the article is set oat, at length and is to the following effect-that Philips should teach a school three months-that the subscribers should make up thirty scholars, and that each subscriber should pay one dollar and filly cents, for each scholar by him subscribed; that they should turnish a schoolhouse, boarding, &c. for the master, and that the school should continue for twelve months, if the parties so chose when the first quarter expired. He likewise proved that he had taught the school for three months, and offered in the hearing of the defendant and others, to continue the twelve months, if the employers chose—it likewise appeared in evidence, that Keener never sent any scholars, having removed out of the neighborhood shortly after the school commenced. The defendant gave in evidence, that when
 
 *330
 
 the subscription paper was presented for his signature, he said he would not subscribe to a school for three months, but would subscribe to one of twelve months, and that upon the promise of Philips to teach 12 months, Keener signed his name. The witness said it was his impression that the promise of Philips to teach twelve months, was on condition the employers wished him to do so. The circuit court instructed the jury, that if the defendant signed the subscription paper upon plaintifif‘s promise to teach twelve months, and he had not done so, they ought to find for the defendant. To which charge, as well as to the reception of the testimony offered by Keener, the plaintiff excepted, and set out the facts as before stated.
 

 Out of this bill of exceptions, two questions arise. First, whether the parol testimony was properly received; Second, whether the court gave proper instructions to the jury.
 

 Upon the first question it seems to us, that the circuit court erred in receiving parol evidence to vary the terms of the written agreement. The written agreement was, that the school should continue three months certainly, and twelve months if the parties should so wish. The parol testimony was to show, that it would certainly be for twelve months—parol testimony might have been admitted to show, that the testimony was procured by means of a fraud, or that in drawing the instrument, something by fraud or mistake was inserted or omitted, that made the written agreement different from what the parties expected it was, and intended it should be—the parol testimony was to neither of those points. The defendant according to the parol proof, knew the contents of the paper when he subscribed it, and with this knowledge put his signature thereto, and now wishes to be exonerated by proving that his contract was different from what it would appear to be, by the terms of the instrument which he signed with his eyes open; this, it would seem to us he could not legally be permitted to do. Were this permitted, each subscriber might in turn have a different agreement, established by verbal testimony for himself, and yet not one pretend that there was any fraud practised upon him, or any mistake in drawing the instrument. Suppose a man gives his note payable in six months, for $500? would he be allowed to prove, that although he knew the contents of the note when he signed it, yet the payee promised he would not exact payment tor six years? It is conceived not; but it he wished to prove that the true agreement was that he should have credit for six years, that the note was to have been drawn accordingly, but by fraud or mistake six months
 
 *331
 
 were inserted—and that this was unknown to him when he signed it, such proof would be admissible. See Sugd. on Vend. 87, Peak Ev. by R. 115 to 118, n 1st Com. on Cont. 9, 10, Newl. on Cont. 346, 347, 348.
 

 It is useless to inquire into the remaining question, as we believe the judgment must he reversed on the first. The sum in dispute is small, and it is much to he wished that the parties could have settled this trifle, with less expense to themselves.