Freeman v. Rich.

and palpable. In the one case, the legal rights of the par-- ties in the subject matter of the suit, could be conclusively ascertained and fixed, in the other, not.

Judgment reversed.

## Freeman v. Rich.

An application for a new trial, is addressed to the sound discretion of the court which tried the cause, under all the circumstances of the case; and the appellate court must be fully satisfied that such discretion has been improperly exercised, before it will disturb a ruling refusing such trial, based upon the insufficiency of testimony.

*Appeal from the Buchanan District Court.*

THIS action was brought to recover for injury done to the colt of plaintiff, while the same was being yarded with other stock of plaintiff at defendant's, at which place the plaintiff, his family and stock, were staying over night, on their way moving to the country. Defendant is sought to be charged as an innkeeper generally, and also on a special undertaking. A verdict was had for plaintiff for fifty dollars. Defendant moved for a new trial, which motion was overruled. The only error assigned, is the overruling of this motion. No. question is made as to the instructions, but only as to the sufficiency of the evidence to sustain the verdict. The evidence is sufficiently stated in the opinion of the court.

*Smith, McKinlay & Poor*, for the appellants.

*James Burt*, for the appellee.

ISBELL, J.—An application for a new trial, is addressed to the sound discretion of the court, under all the circumstances of the case. This court must be fully satisfied that

such discretion has been improperly exercised, before it will disturb a ruling refusing such trial, based on the insufficiency of testimony.

Without recounting all the testimony in this case, which is in some respects, conflicting, and of the credibility of which the jury were the proper judges, we will state only so much, which, if true, we regard as sufficient to sustain the finding.

It appears that the son of plaintiff, was assisting in driving plaintiff's stock, which was in advance of plaintiff, who was coming on with his team. When about sundown, they arrived at defendant's, witness asked defendant, if he kept travelers? To which defendant replied, that he did. Witness then asked, if he had a yard to put the cattle in? Defendant replied, he had no other yard than the one his own cattle were in. Witness then said, that he did not like to turn in amongst defendant's stock. Defendant answered, that it would be all safe; and then opened the gate of his yard, and sent his dog around the cattle, and turned all into the yard with defendant's cattle. In the morning, one of plaintiff's colts was found badly injured, which had been hooked by a cow belonging to defendant. There was blood on the cow's horn, and she was cross and ugly, having calved during the night. Other people staid at the defendant's that night, and he turned one load away. Plaintiff paid a bill for staying, of three dollars and fifty cents. Others who staid that night, paid fifty cents each. Plaintiff furnished his own beds, except for his daughter, who slept in defendant's bed; assisted in feeding stock; furnished his own victuals, except potatoes, and had them cooked by themselves. One witness, who lives at the distance of half a mile, states he has known travelers stop at defendant's; never knew of his turning any away; defendant had been there about eight months, when accident occurred; he keeps sheep; is a farmer; witness thinks he keeps a tavern; has no sign out. Another, produced by defendant, who has made his home a year with him, says, that he keeps people often; many camp down on the floor, &c. The colt was proved to be worth fifty dollars, and entirely ruined.

It was attempted, by cross-examination, and by the production of witnesses, to prove that defendant was not an innkeeper; that he did not receive plaintiff as such; and that he did not state to plaintiff's son, that the stock of plaintiff would be safe in the yard with defendant's.

In view of all the testimony, in the light in which we must view it, on this application, we are not inclined to disturb the verdict. There are here several items of testimony, aside from the fact that defendant expressly informed the son of plaintiff, who yarded the stock with defendant, that he kept travelers, tending to show that defendant was an innkeeper. This is peculiarly one of those questions which a jury, coming from the vicinage of the defendant, was best able to determine. The instructions were pointed as to what it took to constitute the defendant an innkeeper, and so decidedly favorable to the defendant, that the jury must have fairly considered the question. Again: we attach some weight to the fact of defendant having informed the agent of plaintiff, before stopping with him, that he, defendant, kept travelers. Might not the jury reasonably infer from this, that defendant held himself out to plaintiff as an innkeeper? If so, we would not lend countenance to the doctrine, that a man may hold himself out to a stranger passing, as an innkeeper, and thereby induce him to stop, and yet not be liable to such stranger in that capacity. Again : we are not fully satisfied that there was not a special undertaking, that the stock of plaintiff should be safe from injury from that of defendant. But it is insisted, that the property was not of that character, so within the inn, as to render the defendant liable as an innkeeper, for its safety. Of this too we are not satisfied. See *Hill* v. *Owen,* 5 Blackf. 323; *Towson* v. *The Havre de Grace Bank,* 6 Harris & Johns. 53; *Peet* v. *McGraw,* 25 Wend. 633; *Lyons* v. *Smith,* Morris, 184.

Judgment affirmed.