# KNOXVILLE, SEPTEMBER TERM, 1858.

ROBERT J. McKINNEY,
ROBERT L. CARUTHERS, } *Judges.*
ARCHIBALD WRIGHT,

## HARRISON SELF *v.* JACOB HARMON.

MOTION.—*Surety against Principal.*

1. Where the stayor of a justice's judgment and one of the judgment defendants, who was a surety on the note on which judgment was rendered, execute a joint note in satisfaction of such judgment, upon which judgment is afterwards rendered against them, the judgment defendant, who was stayor of the previous judgment, cannot maintain a motion as surety, for judgment over against his co-defendant as principal, upon the ground that his co-defendant, though appearing on the original note as surety was actually a maker, being a partner of the person signing as maker and a joint beneficiary with him.

WRITTEN INSTRUMENT. *Parol Evidence inadmissible, to varye terms of.*

2. Nor is parol testimony admissible to show that the surety on the original note was a partner of the maker, a co-maker with him, and a co-beneficiary in the transaction.

SAME.—*Mistake in how corrected.*

3. A written instrument, if wrong upon its face, can only be reformed in equity.

This was a motion in the Circuit Court of Greene county, made by Harrison Self, as security, against Jacob Harmon, as principal.

On the trial the record of the proceedings in the case of C. Haun *vs.* Thomas Self and Jacob Harmon, and on which that suit was founded, were read to the jury.

This note showed upon its face that Harrison was surety

9.—TENN.—REP.

for Thomas Self. It appeared that Harrison Self, became security for the stay of execution on this judgment, and that the note on which this motion was based, was given by Harrison Self and Harmon, in satisfaction of said judgment.

The defendant insisted that as between Harrison Self, as stayor, and Jacob Harmon, as security, the primary liability was upon Self.—To avoid this, plaintiff offered to prove that the note given by Thomas Self and Harmon, was in fact, for a partnership purchase, and a joint debt.

This evidence was excluded by the Court below.

McKINNEY, J., delivered the opinion of the Court :

There is no error in this record of which the plaintiff in error is entitled to avail himself in this Court. The mere fact offered to be proved, that Thomas Self and Jacob Harmon were partners at the time of, and previous to, the execution of the bill signed by them to Haun, and that it was given for goods which went into the partnership business, if it were admissible evidence, and had been received, would not sustain the plaintiff's motion. But, we think, the evidence offered to show that Jacob Harmon .executed the note to Haun as a *partner* was wholly inadmissible, because it is directly contradictory of what is imported on the face of the note. The instrument, if wrong upon its face, could only have been reformed in equity, upon an allegation of fraud, mistake, or other ground of equity. And this principle stands in the way of the plaintiff—whose interest, if any, arose *after* the execution of the bill single, to Haun—quite as much as in the way of Thomas Self. But if this ob-

Sharp v. Williams.

jection were obviated, there are other insuperable objec-
tions in the way of the plaintiff.

*Judgment affirmed.*

Parol evidence inadmissible to vary terms of agreement under seal.
Richardson v. Thompson, 1 Humph. 151, ·155. Except in case of
fraud, accident or mistake. *ib.* For the same doctrine, see Wood v.
Goodrich, 9 Yerg. 266; Phillips v. Keener, 2 Tenn. 329. To correct
a deed on the ground of mistake or fraud, resort must be had to a
Court of Chancery. Wood v. Goodrich, *ubi supra.* But a warranty,
though not *expressed* in a bill of sale, is *implied* by law. Trigg v. Farris-
5 Humph. 343, 344; Gookin v. Graham, 5 Humph. 480, 485. So,
when the kind of money in which payment is to be made, is not express-
ed in the instrument, the law implies legal currency, and parol evi-
dence will not be heard to show that other money was intended. Noe
v. Hodges, 3 Humph. 164, 166. But matter collateral to the purport
the instrument may be proven by parol; as to show that a slave was
unsound at the time of sale, and that the seller knew it. McFarlane v,
Moore, 1 Tenn. 174, 176; Cheatham v. Haley, 1 Tenn. 265. See to a
similar effect, Van Leer v. Fain, 6 Humph. 104, 107.—No parol sub-
stitute can be taken for a written contract. Bond v. Jackson, Cooke,
500, 504. Nor will parol evidence to add·to or alter a land entry, be
received. Winchester v. Gleaves, 3 Hayw. 213, 215. Nor to contra-
dict or evade a release. Mayberry v. Jackson, 4 Hayw. 203.

Nor to show that the name of one person was inserted in an appeal
bond, by mistake, for'that of another. Dibrell v. Miller, 8 Yerg. 476.

See further, as to the general doctrine that parol evidence is inad-
missible to vary the terms of written instruments, or change the liability
fixed by them, Kearly v. Duncan, 1 Head. 397; Ellis v. Hamilton,
4 Sneed. 512; Bryan v. Hunt, 4 Sneed. 544; Bedford v. Flowers, 11
Humph. 242; Ross v. Carter, 1 Humph. 415; Pratt v. Phillips, 1
Sneed, 543; Moseley v. Hanford, 10 Barn.＇& Cres. 729; Howard v.
Tucker, 1 B. & Adolph. 712. But the recitals in a sheriff's deed may
be contradicted by parol evidence. Loyd v. Anglin, 7 Yerg. 427;
Rogers v. Jennings, 3 Yerg. 308; Trott v. McGavack, 1 Yerg.
469. But the rule that parties and privies are estopped from con-
tradicting a written instrument by parol, does not apply to stran-
gers. New Berlin v. Norwich, 10 Johns. 229; The King v. Inhab.
of Northwingfield, 11 B. & Adolph. 712. And see August *et al.* v.
Seeskind, *et al.*, 6 Cold. 166, 184—190.

Note. By a singular mistake, the Reporter in his head-note, 7, to
this last case, has stated t e rule to be directly the opposite to that
stated by the Court, and the authorities cited.