## HOWELL v. SNYDER.

1. **Practice in the Supreme Court:** RECORD: NEW TRIAL. The Supreme Court will not reverse the action of the court below, sustaining a motion for a new trial because the verdict is contrary to "the law as given by the court," when the abstract does not contain the instructions given upon the trial.

2. **New trial:** PRACTICE. It requires a stronger showing to reverse an order granting, than one refusing, a new trial. (*Freeman v. Rich*, 1 Iowa, 504.)

*Appeal from Wayne District Court.*

FRIDAY, OCTOBER 23.

ACTION upon a promissory note, made by the defendant to The Iowa Southern Railway Company or order, for $104.20, dated February 8, 1870, and payable one day after date. Defense, that the note was given in payment of a subscription made by the defendant to the railway company to aid in its construction, and upon certain conditions as to the line or route of its construction, the time of its completion, etc., etc.; that by false and fraudulent representations made to the defendant, by this plaintiff as one of the officers of the Railroad Company, as to the performance of such conditions the note was obtained; that in fact none of them were performed, and it is now impossible to perform them. Trial to a jury, who found for defend-

ant. Upon motion of plaintiff, the verdict was set aside and a new trial granted. The defendant appeals.

*Tedford & Miles*, for appellant.

*Vermilion & Haynes*, for appellee.

COLE, J.—The abstract shows that the motion for a new trial "coming on to be heard, is by the court sustained, for the reason that said verdict is contrary to the evidence and law as given by the court, and for no other cause." The abstract contains all the evidence, but does not contain any of the instructions or "the law as given by the court." Since we have not, therefore, all the record or facts before us, upon which the court below acted, we cannot properly review its action. Neither could we say upon the merits of the case as shown by the evidence alone, that the court erred in granting a new trial. *Dewey v. The C., & N. W. R'y Co.*, 31 Iowa, 373. Besides, it requires a stronger showing to reverse an order granting, than one refusing, a new trial. *Freeman v. Rich*, 1 Iowa, 504, and cases cited in note *b* of COLE's Edition.

AFFIRMED.