FAIRCHILD V. SNYDER.

1. **Jury**: MISCONDUCT OF JUROR: NEW TRIAL. Where a juror became intoxicated on the evening of the day the trial commenced, but it did not appear that he was intoxicated while in the discharge of his duties as juror: *Held*, that the court, in the exercise of its discretion, might properly grant a new trial for this reason.

*Appeal from Dickinson Circuit Court.*

THURSDAY, APRIL 6.

THIS is an appeal by the plaintiff from an order granting a motion made by the defendant for a new trial.

The motion was made upon the ground of misconduct of one of the jurors. The defendant filed affidavits tending to show that on the evening of the day on which the trial commenced (the trial not yet being concluded), one of the jurors drank intoxicating liquor and became intoxicated. In one of the affidavits it is stated that he was in such a condition of intoxication during that night that he could scarcely talk so as to be understood. There was no evidence, however, showing that he was under the influence of liquor during the session of the court, or while he was engaged in discharging his duties as a juror.

*George E. Clarke*, for appellant.

*Rice & Osborne* and *Barrett & Allen*, for appellee.

ADAMS, J.—We cannot say that a juror may not, while sitting in the trial of a case by day, allow himself to be stupefied with liquor by night without impairing his powers of apprehension, his memory or good judgment; yet we do not think it would be safe to establish a rule that such conduct would not vitiate a verdict. Much must be left to the discretion of the judge presiding at the trial.

Without expressing any opinion, therefore, as to whether the motion should have been granted, we think it is not one of those cases which call for our interference.

AFFIRMED.