DONAHUE ET AL. v. LANNAN.

| 70 | 73 |
|----|----|
| 78 | 434 |
| 70 | 73 |
| 79 | 175 |
| 70 | 73 |
| 92 | 213 |
| 70 | 73 |
| 106 | 265 |

1. **Verdict:** SETTING ASIDE: DISCRETION OF COURT. When the court below decides that for error in rulings upon the trial, or for the insufficiency of the evidence to support the verdict, it should be set aside, this court ought to sustain such decision, unless error therein is clearly shown.

2. **Statute of Limitations:** ADVERSE POSSESSION OF LAND. In order to justify an entry upon land, in an action for trespass, it is not sufficient for the defendant to show that he had been in possession of the land for more than ten years, under an agreement with an adjoining owner fixing the boundaries. It must be shown, also, that such possession was open, notorious, adverse and under color of title.

*Appeal from Palo Alto Circuit Court.*

WEDNESDAY, OCTOBER 27.

ACTION to recover damages for trespass committed upon plaintiffs' land by defendant. There was a verdict for plaintiffs, which, upon motion, the court set aside, and rendered a judgment dismissing plaintiffs' action, and for costs. Plaintiffs appeal.

*Soper, Crawford & Carr,* for appellants.

*Harrison & Jenswold,* for appellee.

BECK, J.—I. The trespass committed by defendant, for which the action is brought, consisted in entering upon plaintiffs' land, and tearing down, destroying and removing a certain fence. The defendant, in substance, alleges in his answer that he holds the title and possession of the land whereon the fence stood, and, in exercise of his right, he removed it. The answer shows that the controversy grows out of a disputed line dividing the lands of the parties. The defendant alleges that he and the grantee of plaintiffs, in 1864, settled by agreement

*1. VERDICT:*
*setting aside:*
*discretion of*
*court.*

the boundary between their lands; and, under this agreement, defendant occupied the land, and has been in the possession of the same ever since. The jury returned a general verdict for plaintiffs, and certain special findings. The circuit court set aside the general verdict, and, upon the special findings, rendered a judgment dismissing plaintiffs' action and for costs.

II.   The motion to set aside the general verdict is based upon various grounds; as that the verdict is in conflict with the evidence and the instructions of the court; that the rulings of the court upon the admission of evidence, and in giving and refusing instruction, are erroneous, etc. . It is impossible to say upon what ground this motion was sustained. We are not prepared to say that the court erred in sustaining the motion. Such rulings rest largely upon the exercise of sound discretion by the court, with which we cannot interfere, unless error plainly appears. We are inclined to support rulings of this character, rather than to subject them to close and critical examination. When the court below decides that, for errors in rulings upon the trial, or for the insufficiency of the evidence to support the verdict, it should be set aside, we ought to sustain such decision unless errors therein are clearly shown. This, we think, has not been done in this case. We therefore affirm the decision setting aside the general verdict.

III.   The motion for judgment in favor of plaintiffs is based upon the fourth and fifth special findings, which are

2. STATUTE of limitations: adverse possession of land.

claimed in the motion to show that defendant had been in possession of the land for more than ten years under an agreement of the owners thereof fixing the boundaries thereof, and that plaintiffs' cause of action is therefore barred by the statute of limitations. But these findings do not show that defendant was in the open, notorious, and adverse possession of the lands under claim or color of title. And his possession must be shown to be of this character, to enable defendant to protect it under the

statute of limitations. The special findings, therefore, do not show such possession as will defeat the plaintiffs' action, and are not sufficient to support a judgment against plaintiffs.

In reaching this conclusion, we have regarded the judgment of the court below to be, in effect, a judgment upon the special findings for defendant. Counsel for defendant claim that it should be so regarded.

The judgment of the circuit court, dismissing plaintiffs' action, is reversed, and the cause is remanded for a new trial and other proceedings not in conflict with this opinion.

REVERSED.