AT

## DES MOINES, JANUARY TERM, A. D. 1889.

IN THE FORTY-THIRD YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH R. REED, CHIEF JUSTICE.
HON. JAMES H. ROTHROCK,
HON. JOSEPH M. BECK,
HON. GIFFORD S. ROBINSON,    } JUSTICES.
HON. CHARLES T. GRANGER,

---

## PEEBLES v. PEEBLES *et al.*

**New Trial:** DISCRETION OF TRIAL COURT. An order granting a new trial will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion in granting it.

*Appeal from Monroe District Court.*—HON. DELL STUART, Judge.

FILED, JANUARY 24, 1889.

(11)

This is an action in equity for the partition of certain real estate. There was a decree for the plaintiff. A motion for a new trial was sustained, and plaintiff appeals.

*H. L. Dashiell,* for appellant.

*Mabry & Morrison* and *James Coen,* for appellees.

ROTHROCK, J.—It is very seldom that we are required to determine an appeal taken from an order granting a new trial. In the case of *McKay v. Thorington,* 15 Iowa, 29, it was said that "it is a constant practice in this court, as in all other appellate tribunals, to refuse to disturb such rulings when a new trial is granted, and when we would have done the same thing if it had been refused. And this upon the principle that a discretion is wisely lodged in such cases with the judge trying the case, which should not be controlled, except in a clear case of its abuse." Applying this rule to this case, we see no sufficient reason for not allowing the court below to examine this case again. The refusal to grant new trials is the source of appeals to this court, and our reports show thousands of reversals where new trials have been refused when they ought to have been granted.

It is true that in this case the motion for a new trial is probably not formally within the rules prescribed for such motions; but these rules have usually been applied where a new trial has been refused. It is recited in the abstract that when the cause was tried it was submitted to the court "on the pleadings and evidence and the arguments of counsel." But there is no evidence in the abstract, and no statement as to what the evidence tended to prove. The court, in an opinion filed in the case, appears to have thought that a new trial should be had to determine whether the plaintiff, under all the facts and circumstances, was vested with any interest in the land.

We have not thought it necessary to set out the respective claims of the parties touching the title of the land in controversy. To do so would probably involve a determination of questions which will more properly come up for consideration upon an amendment of the pleadings and upon the evidence in the case. What we are required to determine is whether the court abused its discretion in ordering a new trial. We are united in the opinion that it did not. ·

AFFIRMED.