WACHA v. BROWN *et al.*

1. **Evidence:** IMPEACHMENT. On a second trial it was proper, for the purpose of impeachment, to allow plaintiff to ask defendant if she did not give certain testimony on the first trial, and, upon her answering in the negative, to allow plaintiff to show by other witnesses that she did so testify.

2. **Real Estate:** ADVERSE POSSESSION: WHAT. IS NOT. Where the owner of a lot of a certain number has actual possession of a portion of an adjoining lot, and such possession is based, not on any claim to the adjoining lot, but upon the belief that the portion so occupied is a part of his own lot, such possession is not adverse, and cannot ripen into a title under the statute of limitations. (See opinion for authorities.)

*Appeal from Dubuque District Court.*—HON. C. F. COUCH, Judge.

FILED, OCTOBER 12, 1889.

ACTION to recover the possession of real estate. There was a trial by jury, and a verdict and judgment for plaintiff. The defendants appeal.

*McCeney & O'Donnell,* for appellants.

*John J. McCarthy,* for appellee.

ROBINSON, J.—Plaintiff claims to be the owner of all of the south half of lot 118, in East Dubuque addition to the city of Dubuque, and that defendants wrongfully occupy and retain possession of a strip of land one hundred feet long and eighteen inches wide, constituting a part of said lot, and bounded on the south by the south boundary line thereof. Defendants are the widow and heirs of John Brown, who died intestate in the year 1878, and as such claim to own and occupy the north half of lot 119, which is south of and adjoining lot 118. In the year 1858 said Brown occupied the north half of lot 119, and built thereon and on the strip in controversy a dwelling house. Other improvements were afterwards

Wacha v. Brown.

made, including the building of a fence, kitchen and stable. The dwelling house and other improvements were occupied and used by Brown during his lifetime, and by the defendants since his death, as a home. The evidence shows that of the improvements made by Brown and others the dwelling house projects over the boundary line between lots 118 and 119 onto the former seventeen inches, the kitchen so projects twenty-one inches, the stable eighteen inches, while the fence from the street to the house is twenty-eight inches north of the line. It is shown that plaintiff is the owner of all of the south half of lot 118, unless defendants have acquired title thereto by virtue of adverse possession continued for more than ten years.

I. There were two trials of this cause in the court below. Defendant Margaret Brown, the widow of John Brown, testified on both trials. Appellant complains of the rulings of the court in permitting plaintiff to ask her on the second trial if she had not testified on the first that neither she nor her husband had claimed any part of plaintiff's lot, and, after she had answered in the negative, in permitting other witnesses to testify on behalf of plaintiff that she did testify as claimed on the first trial. We discover no error in these rulings. Mrs. Brown testified on direct examination that her husband claimed the property from the time he went there to live, and that she and the children had claimed it ever since his death, evidently referring to the property in controversy. The questions asked her on cross-examination, to which objection is now urged, were proper in order to lay the foundation for impeachment; and the testimony of the witnesses who stated what she testified to on the first trial was in its nature impeaching, and for that purpose proper.

*1. EVIDENCE: impeachment.*

II. It is insisted by appellants that the verdict is not sustained by the evidence. We think the jury were justified in finding that the premises in controversy were occupied and used by John Brown and by defendants with the belief that they constituted a part of lot 119, and without any

*2. REAL estate: adverse possession: what is not.*

intent to appropriate any part of lot 118. That being true, the case falls within the rule announced in *Grube v. Wells*, 34 Iowa, 148. See, also, *State v. Welpton*, 34 Iowa, 145; *Skinner v. Crawford*, 54 Iowa, 119; *Donahue v. Lannan*, 70 Iowa, 73; *Weinig v. Holcomb*, 73 Iowa, 143; *Mills v. Penny*, 74 Iowa, 172; *Sweny v. Bruns*, 74 Iowa, 702. We find no error in any of the matters discussed by counsel. The judgment of the district court is therefore      AFFIRMED.