JAMES W. HOPKINS, Administrator of the Estate of
THOMAS W. HOPKINS, Deceased, v. KNAPP &
SPALDING COMPANY, Appellant.

New Trial: DRINKING LIQUOR BY JUROR. One juror deposes that
another admitted drinking a half pint of whisky during the delibera-
tion; the latter claims he drank but about two spoonfuls, and as
medicine. Order granting new trial not interfered with.

*Appeal from Woodbury District Court.*—HON. A.
VANWAGENEN, Judge.

THURSDAY, OCTOBER 18, 1894.

ACTION to recover damages for alleged negligence
causing the death of plaintiff's intestate. The case
was tried to a jury, and a verdict returned in favor of
the plaintiff for one hundred dollars. Plaintiff moved
for a new trial upon the grounds that the damages
allowed are inadequate, that the verdict is contrary to
the law and the evidence, that the court erred in the
instructions given, and upon the further ground as fol-
lows: "For misconduct of the jury, in this: That
Charles Ehlers, one of the jurors in the above-entitled
action, when the case was submitted to the jury, and
while in the jury room, considering said verdict, drank
about one half pint of intoxicating liquors, in support
of which ground there is hereto attached, and made a
part of this motion, the affidavit of D. H. Sullivan."
The court overruled said motion "on all grounds
thereof, except the last, or No. 8, to wit, for miscon-
duct of the juror in drinking liquor in the jury room;
and as to that ground the court sustained the said
motion, and the defendant at that time excepted. The
court thereupon ordered a retrial of said cause, to
which the defendant at the time excepted," and from
which ruling the defendant appeals.—*Affirmed.*

*Wright, Hubbard & Yeomans* for appellant.

*F. E. Gill* and *Lynn & Sullivan* for appellee.

GIVEN, J.—The only question presented on this appeal is whether the court erred in granting a new trial on the ground of misconduct of the juror. The other grounds of the motion are not to be considered, and could not be, as we have neither the evidence nor the instructions before us. A motion for a new trial is addressed to the sound discretion of the court, and its action thereon will not be reversed, unless it is manifest that the discretion has been improperly exercised. *Freeman v. Rich*, 1 Iowa, 504; *Ruble v. McDonald*, 7 Iowa, 90; *Pickering v. Kirkpatrick*, 32 Iowa, 163; *Pianoforte Co. v. Mueller*, 38 Iowa, 552; *Donahue v. Lannan*, 70 Iowa, 73, 30 N. W. Rep. 8. This rule is especially applicable where a motion for a new trial is sustained. *Peebles v. Peebles*, 77 Iowa, 11, 41 N. W. Rep. 387; *Morgan v. Wagner*, 79 Iowa, 174, 44 N. W. Rep. 345. Where the evidence as to the alleged misconduct is conflicting, the action of the court in granting a new trial will not be interfered with. *Wightman v. Butler Co.*, 83 Iowa, 692, 49 N. W. Rep. 1041. As to the alleged misconduct of the juror, we have the affidavits of D. H. Sullivan and of the juror. Mr. Sullivan states that immediately after reaching a verdict the juror Ehlers "offered me a pint bottle containing intoxicating liquors, which was about half empty; that he at the same time said that he had drank a part of said whisky while in the jury room, determining the verdict in said action; and that he put his head out of the window to drink, so that the rest of the jurors would not see him, and in this way drank over half the contents of said pint bottle." The juror states as follows: "That deponent, before said jury retired, reasonably expected that the jury might be out some

time deliberating as to their verdict, and that it was possible that they might be out the entire evening; that at said time the weather was growing cool, especially in the evening; that deponent, for his cold, to which he is at times easily subject, has taken as medicine small amounts of liquor, and also when he was subject to exposure; that at noon of the last day of said trial, expecting to be out a part, if not all, of said night, deponent procured a small flask of whisky; that, while in said jury room, deponent took therefrom not to exceed two tablespoonfuls of said liquor; that deponent took the same simply as a medicine, and not as a beverage; that said jury remained out till about 10 P. M. of said night, and deponent took what he did from said flask simply and only to prevent his taking or being exposed to the effects of a cold, and for no other purpose; that he did not take any amount sufficient to in any manner intoxicate him, and it was not taken for any such purpose, but, as before stated, only as a medicine." This court has repeatedly held that the use of intoxicating liquors by a juror during the time the jury is deliberating, except as a medicine, in cases of actual sickness, was misconduct for which the verdict should be set aside. *State v. Baldy*, 17 Iowa, 39; *Berry v. Berry*, 31 Iowa, 415; *Fairchild v. Snyder*, 43 Iowa, 23; *Ryan v. Harrow*, 27 Iowa, 494; *State v. Morphy*, 33 Iowa, 270; *O'Neill v. Railway. Co.*, 45 Iowa, 546. See, also, *State v. Kennedy*, 77 Iowa, 209, 41 N. W. Rep. 609. The court was fully warranted in finding that the juror drank more of the liquor than he states, and that his claim that it was taken as a medicine was a sheer subterfuge. There was certainly no error in the court's granting a new trial, and its judgment is AFFIRMED.