EMIL JUNG, Appellant, *v.* WILLIAM KEUFFEL et al.,
Respondents.

A judgment in an action for negligence was for plaintiff but only for a nominal amount; a motion for a new trial made upon the ground that if plaintiff was entitled to anything the damages were substantial and he was entitled to more than a nominal amount was denied and the order was affirmed by the General Term. *Held,* that the matter was one addressed to the discretion of the court below; and so, the judgment was not reviewable here, although the verdict might appear grossly inadequate. *Wheeler* v. *Sweet* (137 N. Y. 435), distinguished.

(Argued December 14, 1894; decided January 15, 1895.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 8, 1893, which affirmed a judgment in favor of defendants entered upon a verdict and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leopold Leo* for appellant. The question raised by appellant being whether the damages were assessed, a presentation only of the evidence bearing upon the extent of damages is sufficient. (Code Civ. Pro. § 997; *T. N. Bank* v. *Parker,* 130 N. Y. 415, 418; *Marckwald* v. *O. S. N. Co.,* 8 Hun, 547; *Parker* v. *Smith,* 107 N. Y. 531.) Nominal damages are given where there has been an injury, but no damage, or where it is impossible to compute damages. (Sedg. on Dam. § 96; *Devenorf* v. *Wert,* 42 Barb. 227; *Freese* v. *Crary,* 29 Ind. 524; *Thorp* v. *Bradley,* 75 Iowa, 50; *Hancock* v. *Hubbell,* 71 Cal. 537; *Allison* v. *Chandler,* 11 Mich. 542, 550.) Where there is a distinct measure of damages and juries do not assess them accordingly, verdicts are set aside. (*McDonald* v. *Walter,* 40 N. Y. 551; *T. M. Co.* v. *Smith,* 26 Mass. 11; *Bishop* v. *Mayor,* 7 Ga. 200; *Learned* v. *Castle,* 78 Cal. 454; *Falvey* v. *Stanford,* L. R. [10 Q. B.] 54; *Lough*

v. *Romaine*, 4 J. & S. 332; *Platz* v. *City of Cohoes*, 8 Abb.
[N. C.] 392; *Caldwell* v. *V., S. & P. R. R. Co.*, 41 La. Ann.
624; *Phillips* v. *L. & S. R. Co.*, L. R. [5 Q. B. D.] 78;
*Richards* v. *Sanford*, 2 E. D. Smith, 349; *Robbins* v. *H. R.
R. R. Co.*, 7 Bosw. 1; *Tedd* v. *Douglass*, 5 Jur. [N. S.]
1029; *Beattie* v. *Moore*, 2 L. R. [Ir.] 28.) The tendency
to exact reparation by substantial damages in actions for per-
sonal injuries should be fostered to compel a higher vigilance
in the employment of dangerous engines or instruments.
(*Scott* v. *P. R. R. Co.*, 30 N. Y. S. R. 843, 847.)

*Artemas B. Smith* for respondent. Upon this appeal there
is no question whatever within the jurisdiction of this court or
properly brought up for its review. (*S. O. Co.* v. *A. Ins.
Co.*, 79 N. Y. 506; *Dodge* v. *Mann*, 85 id. 643; *Peck* v. *N.
Y. C. & H. R. R. R. Co.*, 70 id. 587; *Campbell* v. *Page*, 50
id. 658; *Link* v. *Sheldon*, 136 id. 1; *B. Bank* v. *Butler*, 133
id. 564.) The damages awarded are sufficient. (*Phillips* v.
*L. & S. R. Co.*, L. R. [5 Q. B. D.] 73; *McDonald* v.
*Walter*, 40 N. Y. 551; *Caldwell* v. *V., S. & P. R. R. Co.*, 41
La. Ann. 624.) This cause has been sufficiently litigated.
(*Brackett* v. *Griswold*, 128 N. Y. 648; *Nichols* v. *Tuttle*,
Id. 452; *Scheftel* v. *Hatch*, 53 id. 657; *Fowler* v. *A. F. I.
Co.*, 7 Wend. 270; *Talcot* v. *C. Ins. Co.*, 2 Johns. 467;
*Haring* v. *E. R. R. Co.*, 13 Barb. 9–16; *Talcot* v. *Baum-
garten*, 26 Ill. 291; *Hazzard* v. *Mayor, etc.*, 77 Ga. 54, 56;
*Kelly* v. *McWhorter*, Id. 90.) Plaintiff failed to prove a
cause of action. (*Hickey* v. *Taaffe*, 105 N. Y. 26; *Ogley* v.
*Miles*, 139 id. 458; *Taylor* v. *City of Yonkers*, 105 id. 209.)

PECKHAM, J. This action was brought to recover damages
from defendants by reason of their negligence, resulting in the
loss of three fingers on the plaintiff's left hand. The trial
resulted in a verdict of six cents for the plaintiff. There is
not an exception in the case, either to the evidence or to the
charge of the judge.

The plaintiff made a motion for a new trial upon the judge's

minutes and contended that the verdict was improper, as only partially deciding the case; that if the plaintiff were entitled to recover at all it was more than a nominal amount, and, hence, the verdict ought not to stand. The motion was denied and judgment was ordered to be entered upon the verdict, which was so done, and the plaintiff appealed from both judgment and order to the General Term.

That court affirmed both the judgment and order, and judgment to that effect was thereupon entered, and from that judgment the plaintiff has appealed here.

We have many times held that we can review in this court nothing but exceptions taken in the course of the trial (*Standard Oil Co.* v. *Ins. Co.*, 79 N. Y. 506 ; *Duryea* v. *Vosburgh*, 121 id. 57 ; *Wicks* v. *Thompson*, 129 id. 634 ; *Baldwin's Bank, etc.*, v. *Butler*, 133 id. 564, and numerous other cases).

In the cases cited by the plaintiff the courts below had set aside verdicts and granted new trials, and appeals were taken from those orders to this court. The appeals were based upon the claim that the courts below had no legal right to set the verdicts aside upon the grounds stated. We held they had, and, therefore, affirmed the orders appealed from. That is a very different thing from assuming to review the refusal of the courts below to set aside a verdict on the ground stated and upon such review to grant a new trial. To assume this right would be to turn this court out of its sphere as a court to review errors of law only, founded upon exceptions, and to engraft upon its jurisdiction the power of the General Term of the Supreme Court in such cases. This cannot be done. The case cited by plaintiff (*Wheeler* v. *Sweet*, 137 N. Y. 435) is outside the general rule in regard to reviewing exceptions only, but it is in the strict line of the jurisdiction of this court in reviewing only errors of law committed by the court below in the course of the trial. The error consisted of an erroneous charge to the jury upon their return into court for further instructions and in the absence of counsel, so that exceptions could not be taken. The motion for a new trial was made on

a case and exceptions in which the proceeding was set out in full, and we held that as the error of law appeared in the record and arose in the course of the trial, and the plaintiff had no opportunity to take a formal exception, we would on appeal review the error as if an exception had been interposed. The reasons for the decision are stated in the opinion of Andrews, Ch. J., and do not in any way interfere with the rule we have followed so long.

In this case there was no error of law committed by the courts below in refusing to set aside the verdict on the ground claimed by the plaintiff. It was a complete verdict, although we may think grossly inadequate if the plaintiff were entitled to anything.

It was a matter addressed to the discretion of the courts below, and we cannot interfere with its exercise in this instance, although we might, sitting in the court below, have come to an entirely different conclusion and have at once set the verdict aside.

The judgment should be affirmed, and the appeal taken from the order should be dismissed and the defendant granted one bill of costs only as upon an appeal from a judgment.

All concur, except Haight, J., not sitting.

Judgment accordingly.