J. S. TATHWELL v. CITY OF CEDAR RAPIDS, Appellant.

**New Trial:** INADEQUACY OF VERDICT. At common law the court had the same power to grant a new trial where the verdict was inadequate as where it was excessive, and the provisions of the Code supersede the common law rules, only so far as the same are inconsistent.

**New Trial:** CONSTRUCTION OF STATUTES. Code, section 3755, when liberally construed, as it should be, authorizes a new trial where the verdict is inadequate, notwithstanding the omission from the present Code of the provision contained in section 2839 of the Code of 1873.

**New Trial.** Where the trial judge finds that the jury failed to allow the amount of damages shown by the uncontradicted testimony, he may set the verdict aside as in conflict with the evidence and grant a new trial.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,
Judge.

TUESDAY, OCTOBER 27, 1903.

ACTION to recover damages resulting from personal
injuries received by plaintiff while driving in a street of
defendant city by reason of his horse stepping into a hole
in the highway in or beside·a culvert, the result being
that plaintiff was thrown to the ground.  Judgment for
plaintiff on a former trial was reversed, and a new trial
ordered.  114 Iowa, 180.  On this trial verdict was re-
turned for the plaintiff for $100 damages, which, on plain-
·tiff's motion, was set aside as inadequate.  From this rul-
ing defendant appeals.—*Affirmed.*

*John N. Hughes* for appellant.

*C. D. Harrison* and *Rickel, Crocker & Tourtellot* for
appellee.

McCLAIN, J.—There was a conflict in the evidence as
to whether the street was defective at the place where
plaintiff was injured, but the verdict of the jury for the

1.  NEW trial:     plaintiff establishes the existence of a defect
inadequacy
of verdict.     and the negligence of the city with reference
thereto, and we have for consideration only this question:
Did the trial judge err in setting aside the verdict on the
ground that the damages awarded to plaintiff for the in-
jury were inadequate?  The right of jury trial, as uni-
formly recognized under the common-law system, involves
the determination by the jury, rather that by the judge, of
questions of fact, including the amount of damage to be
given where compensation is for an unliquidated demand.
Nevertheless, the trial courts have exercised from early
times in the history of the common law the power to sup-
ervise the action of the jury, even as to the measure of
damages, and to award a new trial ·where the verdict is

not supported by the evidence and is manifestly unjust
and perverse. And while it is uniformly held that the
trial judge will interfere with the verdict of the jury as
to matters of fact with reluctance, and only where, on the
very face of the evidence allowing every presumption in
favor of the correctness of the jury's action, it is ap-
parent to a reasonable mind that the verdict is clearly
contrary to the evidence, yet the power of the judge to
interfere in extreme cases is unquestionable. It has some-
times been said that the judge should not interfere where
the verdict is supported by a scintilla of evidence; but the
scintilla doctrine has been discarded in this state, and is
not now generally recognized elsewhere. *Meyer v. Houck,*
85 Iowa, 319. The general scope and extent of the judge's
supervisory power with reference to the jury's verdict as
to questions of fact is well illustrated by the very first re-
ported case in which the power appears to have been ex-
ercised—that of *Wood v. Gunston,* decided in 1655 by the
Court of King's Bench (or, as it was called during the
commonwealth, Upper Bench), found in Style's Reports,
on page 466. The action was upon the case for speaking
scandalous words against the plaintiff, charging him,
among other things, with being a traitor. The jury gave
plaintiff one thousand five hundred pounds damages,
whereupon the defendant moved for a new trial on the
ground that the damages were excessive, and that the
jury had favored the plaintiff. In opposition to this it
was said in argument that, after a verdict the partiality
of the jury ought not to be questioned, nor was there any
precedent for it—"in our books of the law," and that it
would be of dangerous consequence if it should be per-
mitted, and the greatness of the damages cannot be a
cause for a new trial. But counsel for the other party
said that the verdict was a "packed business," else there
could not have been so great damages, and that the court
had power "in extraordinary cases such as this is to grant

a new trial." The chief justice thereupon said: "It is in the discretion of the court in some cases to grant a new trial, but this must be a judicial, and not an arbitrary, discretion, and it is frequent in our books for the court to take notice of miscarriages of juries, and to grant new trials upon them. And it is for the people's benefit that it should be so, for a jury may sometimes, by indirect dealings, be moved to side with one party, and not to be indifferent betwixt them, but it cannot be so intended with the court; wherefore let there be a new trial the next term, and the defendant shall pay full costs, and judgment to be upon this verdict to stand for security to pay what shall be recovered upon the next verdict." This case is especially interesting in connection with the present discussion, because it is one in which the assessment of damages was peculiarly within the province of the jury, and because the nature of the supervisory power of the trial judge is explained as being, in effect, to set aside a verdict for excessive damages in such cases which seem to have been the result of passion and prejudice, and not the deliberate exercise of judgment. That the practice of granting new trials under such circumstances has continued in all the courts administering the common law from the time of the case just cited to the present time is a matter of common knowledge with the profession, and citation of authorities would be superfluous. That the power is exercised to prevent miscarriage of justice by reason of the rendition of a verdict by the jury which is wholly unreasonable, in view of the testimony, which is given in the presence of the court, is universally conceded.

But the question with which we are now more particularly concerned is whether this power of the trial judge may be exercised where the injustice consists in rendering a verdict for too small an amount. If the case is one in which the measure of damages is a question of law, the court has, of course, the same power to set aside a verdict

for too small an amount as one which is excessive; and
this is, in general, true without question where the dam-
ages are capable of exact computation—that is, where the
facts established by the verdict of the jury show as mat-
ter of law how much the recovery should be.   In such
cases the court may grant a new trial, unless the defend-
ant will consent to a verdict for a larger amount fixed by
the court, than that found by the jury; just as in case of
excessive damages under similar circumstances the court
may reduce the amount for which the verdict shall be al-
lowed to stand, on penalty of setting it aside if the suc-
cessful party does not agree to the reduction.   *Carr v.
Miner,* 42 Ill. 179; *James v. Morey,* 44 Ill. 352.   It seems
to have been thought by some courts that the general sup-
ervisory power over verdicts, where the amount of dam-
age is not capable of computation, and rests in the sound
discretion of the jury, should not be exercised where the
verdict is for too small an amount; at least not with the
same freedom as in cases where it is excessive.   *Barker v.
Dixie,* 2 Strange, 1051; *Pritchard v. Hewitt,* 91 Mo. 547 (4
S. W. Rep. 437, 60 Am. Rep. 265); *Martin v. Atkinson,* 7
Ga. 228 (50 Am. Dec. 403).   No such limitation on the
supervisory power of the trial judge has been definitely
established, and by the great weight of authority, both in
England and America, the power to set aside the verdict,
when manifestly inconsistent with the evidence, and the
result of a misconception by the jury of their powers and
duties, is as fully recognized where the verdict is inade-
quate as where it is excessive; and ample illustration of
the exercise of this power is found in actions to recover
damages for personal injuries or injury to the reputation,
although in such cases the amount of damage is peculiarly
within the jury's discretion.   *Phillips v. London & S. W.
R. Co.,* 5 Q. B. D. 781; *Robinson v. Town of Waupaca,* 77
Wis. 544; *Whitney v. Milwaukee,* 65 Wis. 409; *Caldwell
v. Vicksburg, S. & P. R. Co.,* 41 La. Ann. 624 ( 6 So. Rep.

217); *Benton v. Collins*, 125 N. C. 83 (34 S. E. Rep. 242, 47 L. R. A. 33); *McNeil v. Lyons*, 20 R. I. 672 (40 Atl. Rep. 831); *Lee v. Publishers, George Knapp & Co.*, 137 Mo. 385 (38 S. W. Rep. 1107); *McDonald v. Walter*, 40 N. Y. 551; *Carter v. Wells, Fargo & Co.*, (C. C.) 64 Fed. Rep. 1007.

Counsel for appellant urge, however, that the whole matter of granting new trials is controlled by the provisions relating to that subject found in the Code, and that these provisions supersede the common-law rules on the subject. It has not been our understanding that the provisions of the Code relating to practice are intended to entirely supersede the rules of the common law. They are, like other statutory law, merely additions to or modifications of common-law rules. We have held for instance, that, without any statutory provision on the subject, the court may direct a verdict in a proper case; that new trials may be granted in equity after the expiration of one year from the time of rendering judgment, although the statutory provisions as to new trials after judgment limit the right to one year; that the Supreme Court may grant a restraining order, in the exercise of its general appellate jurisdiction, although there is no statutory provision whatever with reference thereto. These illustrations indicate that the provisions of the Code as to practice supersede common-law rules only so far as they are inconsistent therewith. The legislature has never attempted a complete codification of the rules and principles of the common law, either as to substantive or remedial rights. The language of Code, section 3446, seems to be directly applicable. It is as follows: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed with a view to promote its objects and assist the parties in obtaining justice." We are inclined, therefore, to the view that the sections relating to

new trial do not necessarily cover the whole ground, nor prevent us from recognizing the powers of the trial court in this respect which have generally been exercised under the common-law system. See *McDonald v. Walter*, 40 N.Y. 551.

However this may be, we think the authority is expressly given in Code, section 3755, to set aside a verdict which is manifestly inadequate under the evidence. It is

2. NEW trial: construction of statutes.

true that paragraph four of that section, with reference to the influence of passion or prejudice, mentions excessive damages, and that paragraph five, with relation to error in the assessment of the amount of recovery, whether too large or too small, refers only to actions upon contract, or for the injury or detention of property. But paragraph six authorizes a new trial if the verdict is not sustained by sufficient evidence, and we see no reason for limiting this paragraph to cases where, under the evidence, it appears that the verdict should have been the other way. A verdict in favor of plaintiff for $100 is as much against the plaintiff as to any right to recover damages not covered by the verdict as though it had been outright for the defendant. Suppose the plaintiff sues on a promissory note, and, defendant having interposed a general denial, plaintiff introduces the note in evidence (the signature not being denied under oath), and there is no evidence whatever that the note is not valid, or has been discharged, and nevertheless the jury returns a verdict for defendant, could it be claimed that a new trial should not be granted? And yet this case does not come under any of the paragraphs of the section on new trial, unless it comes under the paragraph last above referred to. We think this paragraph should have a liberal interpretation, and that it covers such a case as the one now before us. Similar provisions in other Codes have been construed as authorizing the setting aside of verdicts on plaintiff's motion because the damages allowed are inadequate. *Du Brutz v. Jestup*, 54 Cal. 118; *Bennett v. Hobro*,

72 Cal. 178 (13 Pac. Rep. 473); *Emmons v. Sheldon*, 26 Wis. 648; *Henderson v. St. Paul & D. R. Co.*, 52 Minn. 479 (55 N. W. Rep. 53); *McDonald v. Walter*, 40 N. Y. 551.

But counsel for appellant contends that, as the language of the present Code, section 3755, is the same as that of the corresponding section of Code 1873, section 2837, it should have the same construction, and that in the Code of 1873, there was another section, having special reference to setting aside a verdict for smallness of damages, reading as follows: "Sec. 2839. A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, where the damages equal the actual pecuniary injury sustained." The argument seems to be that the power to set aside such a verdict was implied from the language of this section, and was not included in the provisions of the general section, and therefore the repeal of the section just quoted took away from the courts all power to set aside a verdict on account of smallness of damages, except as that power is specially provided for in paragraph five of the present section; that is, the paragraph relating to error in the assessment of the amount of recovery where the action is upon a contract, or for the injury or detention of property. We think it is more reasonable, however, to infer that the repeal of section 2839 by the omission thereof from the present Code (which was on its own motion, and not on the recommendation of the Code commission) indicates an intention to abolish the limitation found in that section on the right to grant new trials for inadequacy of damages, and that the legislature understood that, after this section was omitted, the general power to set aside verdicts because not supported by the evidence would extend to verdicts which were inadequate as well as those which are not only partially, but entirely, contrary to the evidence. The subdivisions of Code, section 3755, may not be logically related to each other. It may be possible that

without subdivision four, relating to passion and preju-
dice, the court would have had authority, under sub-
division six, to set aside an excessive verdict because not
sustained by sufficient evidence; but we are inclined to
construe the present section in the light of the common-
law powers of courts with reference to new trials, and as
though section 2839 of the Code of 1873 had not been at
one time a concurrent provision with the section of that
Code which is now section 3755 of the present Code.

The trial judge therefore had the power to set aside
the verdict below on account of the inadequacy of the
damages, and the question is whether the case is a proper
one for the exercise of such power. We in-
3. NEW trial.    terfere reluctantly with the action of the
lower court in ruling on motions for a new trial, and es-
pecially where a new trial has been granted. *Peebles v.
Peebles*, 77 Iowa, 11; *Morgan v. Wagner*, 79 Iowa, 174;
*Hopkins v. Knapp & Spaulding Co.*, 92 Iowa, 212; *Mally
v. Mally*, 114 Iowa, 309; *Chouquette v. Southern Electric
R. Co.*, 152 Mo. 257. Although it is urged in this case
that the jury allowed to the plaintiff the actual damages
sustained by him so far as they were shown by any evidence
corroborating his own testimony, nevertheless it clearly
appears that, if his unimpeached testimony is to be cred-
ited, he was damaged to a much larger extent than is cov-
ered by the verdict rendered by the jury. We do not hold
that the trial judge may substitute his judgment of the
credibility of the witness in place of the judgment which
the jury has exercised, but we do say that the trial judge
may, if he finds that the jury have failed to allow the
amount of damages shown by uncontradicted testimony,
set aside the verdict as in conflict with the evidence and
award a new trial.

The ruling of the lower court was therefore correct,
and it is AFFIRMED.