Summers, C. J.
It seems to have been assumed in some cases that at common law, in an action for damages, sounding in tort, a court might set aside the verdict of a jury when it was so excessive that it appeared to have been influenced by passion or prejudice, but that it was powerless to disturb one that was inadequate. The fact was, however, and the doctrine now generally accepted is, that the verdict of a jury is subject to the supervision of the court whether too large or too small. A leading case is Phillips v. London & Southwestern Railway Co., (1879) 5 Q. B., 78. That was a suit for personal injuries. On the trial before Field, J., and a special jury, the jury gave the plaintiff seven thousand pounds. The plaintiff moved for a new trial, which was granted by the Queen’s Bench Division on the ground that the amount of damages given by the jury was so small as to show that they must have left out of consideration some of the circumstances which ought to have been taken into account. The defendants appealed. James, L. J., in the court of appeals said: (85) “We agree that judges have no right to overrule the verdict of a jury as to the amount of damages, merely because they take a different view, and think that if they had been the jury they would have given more or would have given less, still the verdicts of juries as to the amount of damages are subject, and must, for the sake of justice, be subject to the supervision of a court *466 of first instance, and if necessary of a court of appeal in this way — that is to say — if in the judgment of the court the damages are unreasonably large or unreasonably small, then the court is bound to send the matter for a reconsideration by another jury.” He also says that they are of the opinion that the damages were unreasonably small, on the grounds and reasons stated by the Chief Justice in the Queen’s Bench Division. The case in the Queen’s Bench Division is reported in (1879) 4 Q. B., 406. On page 408 Cockburn, C. J., says: “It was contended, on behalf of the defendants, that even assuming the damages to be inadequate, the court ought not on that account to set aside the verdict and direct a new trial, inadequacy of damages not being a sufficient ground for granting a new trial in an action of tort, unless there has been misdirection, or misconduct in the jury, or miscalculation, in support of which position the cases of Rendall v. Hayward (1), and Forsdike v. Stone (2) were relied on. But in both those cases the action was for slander, in which, as was observed by the judges in the latter case, the jury may consider, not only what the plaintiff ought to receive, but what the defendant ought to pay. We think the rule contended for has no application in a case of personal injury, and that it is perfectly competent to us if we think the damages unreasonably small to order a new trial at the instance of the plaintiff. There can be no doubt of the power of the court to grant a new trial where in such an action the damages are excessive. There can be no reason why the same principle should not apply where they are insuffi *467 dent to meet the justice of the case.” The case was tried the second time before Lord Coleridge, C. J., and a jury, and resulted in verdict and judgment for sixteen thousand pounds which was affirmed Toth in the Queen’s Bench Division and in the Court of Appeals, (1879) 5 C. P., 280. The statement' of the law by James, L. J., 5 Q. B. (1879), 78-85, is cited with approval by Lord Davy in Watt v. Watt, (1905) A. C., 115-121.
The following American cases may be cited as taking the same view: Fischer v. The City of St. Louis, 189 Mo., 567, 107 Am. St., 380; Benton v. Collins, 125 N. Car., 83, 47 L. R. A., 1; Tathwell v. City of Cedar Rapids, 122 Ia., 50; Miller v. The D. L. & W. R. R. Company, 58 N. J. L., 428; Ellsworth v. City of Fairbury, 41 Neb., 881; McDonald v. Walter, 40 N. Y., 551; Henderson v. St. Paul & D. R. R. Company, 52 Minn., 479; Robinson v. Town of Waupaca, 77 Wis., 544; Whitney v. Milwaukee, 65 Wis., 409.
Among the grounds for a new trial enumerated in Section 5305, Revised Statutes, are these: “4. Excessive damages, appearing to have been given under the influence of passion or prejudice. 5. Error in the assessment of the amount of recovery, whether too large, or too small, when the action is upon a contract, or for the injury or detention of property. 6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law,” and prior to its repeal in 1898 (93 O. L., 217), Section 5306, Revised Statutes, provided: “A new trial shall not be granted on account of the smallness of damages, in an action for injury to the person or reputation, *468 nor in.any other action where the damages equal the actual pecuniary injury sustained.” Counsel for plaintiff in error concede that the repeal of the section restores to' the trial court its common law power to set aside a verdict on the ground that it is inadequate, but contend that it is discretionary with the trial court and that the circuit court, the reviewing* court, has not power to reverse the judgment of the trial court, overruling a motion for a new trial on that ground, and upon such ground grant a new trial; and that to hold that it may is to add to the cases specified in' subdivision 5 of Section 5305. There are cases holding that it is discretionary (Ft. Wayne & Belle Isle Ry. Co. v. Wayne Circuit Judge, 110 Mich., 173; Benton v. Collins, 125 N. Car., 83), but in Tathwell v. City of Cedar Rapids, 122 Ia., 50, under code provisions substantially identical with those of this state, and where there had been a repeal of a similar provision that, “A new trial shall not be granted on account of the smallness of damages, in an action for injury to the person or reputation, where the damages equal the actual pecuniary injury sustained,” it is held: “1. At common law the court had the same power to grant a new trial where the verdict was inadequate as where it was excessive, and the provisions of the code supersede the common law rules, only so far as the same are inconsistent. 2. Code, Section 3755, when liberally construed, as it should be, authorizes a new trial where the verdict is inadequate, notwithstanding the omission from the present code of the provision contained in Section 2839 of the code of 1873. 3. Where the trial judge finds that the *469 jury failed to allow the amount of damages shown by the uncontradicted testimony, he may set the verdict aside as in conflict with the evidence and grant a new trial.”
In the well considered opinion by McClain, J., in answer to the contention in that case that the repeal had taken away all power to grant new trials on the ground of inadequacy of the verdict, excepting in actions upon contract, or for the injury or detention of property, said it was more reasonable to infer that the repeal “indicates an intention to abolish the limitation found in that section on the right to grant new trials for inadequacy of damages, and that the legislature understood that, after this section was omitted, the general power to set aside verdicts because not supported by the evidence would extend to verdicts which were inadequate as well as those which are not only partially, but entirely, contrary to the evidence.” He also said that the power to set aside a verdict that is manifestly inadequate under the evidence is expressly given by the sixth subdivision, “That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law.”
The limitation in subdivision 5 of Section 5305 was made, probably, in view of the denial of a new trial on account of the smallness of the damages in an action for. injury to the person or reputation; and, conceding that the repeal of Section 5306, whatever may have been the supposition of the legislature, can not under any known rule of construction be held to add actions for an injury to the person or reputation to the actions enumerated in subdivision 5 of Section 5305, yet, in view *470 of the repeal of original Section 5306, Section 5305 must be construed as not depriving the court of power to grant new trials in the actions mentioned in original Section 5306 when the verdict is inadequate.
The granting of a new trial on the ground that the damages are inadequate is held discretionary-in the trial court and not -reviewable in Benton v. Collins, 125 N. Car., 83, and in Ft. Wayne & Belle Isle Railway Company v. Wayne Circuit Judge, 110 Mich., 173, discretionary but reviewable in case of abuse of discretion. Jung v. Keuffel et al., 144 N. Y., 381, does not hold that the. matter is not reviewable, but that it is reviewable in the general term of the supreme court and not in the court of appeals. In most of the cases cited, the matter is reviewed, and in Fischer v. City of St. Louis, 189 Mo., 567, and in Miller v. The D. L. & W. R. R. Company, 58 N. J. L., 428, a new trial was granted in the supreme court.
But while we hold that a new trial may be granted on the ground that the verdict is inadequate, yet attention should be given to the circumstances under which it is held proper that it should be granted.
The present case falls clearly within the principles applied in Phillips v. London & Southwestern Railway Company, (1879) 5 Q. B., 78, and Tathwell v. City of Cedar Rapids, 122 Ia., 50. If the plaintiff is entitled to recover then the amount assessed did not cover the time actually lost and the judgment is affirmed.

Judgment affirmed.

Crew, Spear, Davis and Price, JJ., concur.