CHARLES E. CARLISLE, Appellee, v. CITY OF COUNCIL BLUFFS, IOWA, Appellant.

**New trial:** MISCONDUCT OF JURORS.  Granting a new trial on the ground of intoxication of a juror during the trial will not be disturbed for abuse of discretion, where the evidence was conflicting and where the judge based his ruling in part on his own observation; although the greater number of witnesses were against the ruling.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

TUESDAY, APRIL 11, 1911.

ACTION for damages resulting to plaintiff by reason of an excavation in a street.  There was a trial to a jury and a verdict for the defendant.  Upon motion of plaintiff, a new trial was granted.  Defendant appeals.  *Affirmed.*

We have no argument for appellee.

*Clem F. Kimball,* for appellant.

*Thomas Q. Harrison,* for appellee.

EVANS, J.—Many grounds were urged in the motion for a new trial. The order of the court sustaining the same did not disclose the particular ground thereof. One ground of such motion was the alleged misconduct of one of the jurors, in that he was under the influence of intoxicating liquors during the trial of the case. Evidence was heard by the trial court upon that question. Such evidence was conflicting. The preponderance of mere numbers was with the defendant, but the trial judge based his ruling in part upon his own observations of the juror. In passing upon a question of this kind, the trial court is in a position of peculiar advantage over us in ascertaining the real truth, be the witnesses many or few. We have seldom, if ever, interfered with the affirmative finding of a trial judge on the question whether a juror was under the influence of intoxicating liquors or not. *Fairchild v. Snyder,* 43 Iowa, 23.

We think no abuse of discretion is shown in the record before us. The order granting a new trial is therefore *affirmed.*