JAMES SNYDER v. E. D. THOMPSON ET AL., Appellants.

**New trial:** DISCRETION. A motion for new trial is addressed to the discretion of the court, but this is a legal discretion and must be exercised according to the rules of law, and where it appears that it has not been so exercised the order will be reversed.

**Direction of verdict.** Where there is a conflict in the evidence touching a material question of fact the issue must be submitted to the jury.

**Intoxication:** ARREST WITHOUT WARRANT: EVIDENCE. An officer has no authority to make an arrest for drunkenness without a warrant, unless at the time of arrest the person shall be found in a state of intoxication. The evidence in the instant case regarding intoxication was in such conflict as to require submission of the issue.

**Arrest without warrant:** JUSTIFICATION: BURDEN OF PROOF. Except as provided by statute an officer cannot rightfully make an arrest without a warrant; and when he assumes to act without a warrant, he has the burden of proof on the question of justification, in a suit for false imprisonment.

*Appeal from Hardon District Court.*— Hon. W. D. Evans, Judge.

Friday, June 7, 1907.

Suit to recover damages for false imprisonment. There was a trial to a jury and a verdict for the defendants, which was set aside on plaintiff's motion, and the defendants appeal.— *Affirmed.*

*Albrook & Lundy,* for appellants.

*Chas. A. Rogers* and *N. S. Carpenter,* for appellee.

Sherwin, J.— On April 26, 1905, the defendants, Thompson and Boylan, were, respectively, mayor and marshal of the incorporated town of Hubbard, Iowa. On the evening of that day Thompson orally directed the marshal, Boylan, to arrest and put the plaintiff in jail, stating that it had been reported to him that plaintiff was drunk and had been disturbing the peace and quiet of the town. Pursuant to said oral order to arrest the plaintiff, the marshal procured two assistants, and then, without warrant or other process, entered the home of the plaintiff and there arrested him, took him therefrom and placed him in the town jail, where he remained over night. On the following day plaintiff was arraigned in the mayor's court and pleaded guilty to having been drunk on the 20th day of April, 1905, but denied that he was drunk on the 26th day of April, 1905. No information was filed before the magistrate until the morning of April 27th, and no warrant of arrest was ever issued. At the close of all of the evidence both of the defendants moved for a directed verdict, which motion was overruled and the ruling duly excepted to. After the verdict had been returned the plaintiff filed a motion to set aside the same and for a new trial, alleging various grounds therefor, some of which will be more particularly noticed hereinafter.

This motion was sustained generally, and the appeal is taken from the order granting a new trial.

It is a rule of long standing in this State that a motion for a new trial should be addressed to the sound discretion of the court, and such discretion will not be interfered with

1. NEW TRIAL: discretion.

by this court, unless it is manifest that it has been improperly exercised. *Pickering v. Kirkpatrick*, 32 Iowa, 163. But this discretion is a legal one, and must be exercised according to the rules of law, and, where it becomes apparent to an appellate tribunal that it has not been so exercised, the order will be reversed without hesitation. It has also been said that the court will be more reluctant to disturb the order of the trial court where the motion for a new trial is granted. *Peebles v. Peebles,* 77 Iowa, 11; *Hopkins v. Knapp & Spaulding Co.,* 92 Iowa, 212.

The appellants' first contention is that their motion for a directed verdict should have been sustained because of insufficient evidence to warrant a verdict for the plaintiff.

2. DIRECTION OF VERDICT.

They base this contention on the proposition that, before the plaintiff can recover, he must show the imprisonment; and, secondly, the unlawfulness thereof, and they then contend that there is no sufficient evidence to sustain the latter of the two propositions. We have examined the record in this case with care, and reach the conclusion that there is such a conflict of evidence therein on every vital issue presented by the pleadings that the court could not properly have sustained the appellants' motion. On the question whether the plaintiff was in fact intoxicated on the 26th day of April, there is a sharp conflict in the testimony, and it would manifestly have been error to direct a verdict on that branch of the case. The question whether the defendants had reasonable grounds for directing the arrest of the plaintiff and for making it was peculiarly a question for the jury; and in our judgment there was sufficient evidence touching this question to take it to the jury for its determination.

It must be borne in mind in considering this case that at the time the arrest was made, and during the period of imprisonment for which damages are claimed, no informa-

3. INTOXICATION: arrest without warrant: evidence.

tion had been filed against the plaintiff, and no warrant had been issued for his arrest. Code, section 5196, provides that a peace officer may make an arrest without a warrant " (1) for a public offense committed or attempted in his presence; (2) where a publice offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." So far as we are advised, this section of the statute furnishes the only general authority for such an arrest as was made in this case, and subdivision 2 thereof, in exact language, points out the essentials to give an officer authority to make an arrest without a warrant. In the first place, a public offense must have been committed, and, in addition thereto, the officer making the arrest must have reasonable ground for believing that the person to be arrested committed it. Stated differently, if no public offense has in fact been committed, the section furnishes no justification for making the arrest. In the instant case the evidence as to intoxication is in conflict, as we have seen, and if, as a matter of fact, the plaintiff was not intoxicated on the 26th day of April, we do not see how the defendants could justify under this statute. Code, section 5198, does not furnish any justification for either the magistrate or the officer who served the warrant. It is as follows: " A magistrate may orally order a peace officer . . . to arrest any one committing or attempting to commit a public offense in the presence of such magistrate, which order shall authorize the arrest." There is no pretense in this case that the mayor saw the plaintiff in an intoxicated condition on the day in question, nor is there any pretense that Boylan saw him until he went into his house for the purpose of making the arrest. Code, section 2402, provides that, " if any person shall be found in a state of intoxication, he is guilty of a misde-

meanor, and any peace officer shall without a warrant take him into custody and detain him in some suitable place until an information can be made before a magistrate and a warrant of arrest issue." To enable justification under this section of the Code, the defendants would necessarily have to prove that the plaintiff was found in a state of intoxication, and if it be conceded that they may go to a man's private dwelling house for the purpose of finding him in such condition, the conflict in the evidence to which we have heretofore referred is such that the question was for the jury.

The court instructed that the burden of proof was upon the plaintiff to prove that he was not found intoxicated within the meaning of the law at the time of his arrest, nor immediately preceding the same on that day. Error in this instruction was one of the plaintiff's grounds for setting aside the verdict, and the correctness of the instruction is one of the chief questions presented for our determination. We think it announced an incorrect rule of evidence, and in discussing this proposition the distinction between false imprisonment and malicious prosecution must be noted. It is generally said that they are made up of different elements, " enforced by different forms of action, are governed by different rules of pleading, evidence, and damages, and are subject to different defenses." 19 Cyc. 321. A cause of action in false imprisonment does not primarily, apart from justification, depend upon mental attitude. Malice or want of probable cause is the whole gist of malicious prosecution. *Boaz v Tate*, 43 Ind. 60. False imprisonment lies only for an interference with personal liberty without legal authority. *Haskins v. Ralston*, 69 Mich. 63 (37 N. W. 45, 13 Am. St. Rep. 376). But, if a valid or apparently valid power to arrest is enforced without probable cause and with malice, the remedy is by suit for malicious prosecution. *Colter v. Lower*, 35 Ind. 285 (9 Am. Rep. 735). In Bishop on Noncontract Law, section 212, it is said: " In false imprisonment proper, as

*Marginal note:* 4. ARREST WITHOUT WARRANT: justification: burden of proof.

distinguished from malicious prosecution, malice is not required." It is a rule in this State that no officer may rightfully arrest a person without warrant except as provided by statute. *Young v. Gormley,* 120 Iowa, 372. And it would seem to follow without serious question that, where an arrest is so made, justification therefor must be pleaded and proven by the officer making the same. Judge Cooley, in his work on Torts (page 175) in discussing this question, says: " When the propriety of an arrest without process is in question, the problem always is how to harmonize the individual right to liberty with the public right to protection. Where process issues, the proceedings required in obtaining it constitutes a sufficient precaution against causeless arrests. The magistrate decides on the facts presented to him that sufficient reason exists. But, if one without this protection were to arrest upon his own judgment, he ought to be able, when called upon, to show that his judgment was warranted. To do this he should show either (1) a felony actually committed; and (2) facts that had come to his knowledge which justify him in suspecting the person arrested to be the felon; or (3) a felony being committed and an arrest to stay and prevent it." He further says: " This seems to be the least that can be required; . . . and, if one errs in these particulars, it is better that he be left to take the consequences than that they be visited upon an innocent party who is improperly arrested." In *Hicks v. Faulkner,* 8 Q. B. D. 167, it is said, " In false imprisonment the *onus* lies on the defendant to plead and prove affirmatively the existence of reasonable cause as his justification." The same rule is announced in the following jurisdictions: *Black v. Marsh,* 31 Ind. App. 53 (67 N. E. 201); *Sneed v. Bonnoil,* 166 N. Y. 325 (59 N. E. 899); *Edgar v. Burke,* 96 Md. 715 (54 Atl. 986); *Marshall v. Clever,* 4 Pennewill (Del.), 450 (56 Atl. 380); *Franklin v. Amerson,* 118 Ga. 860 (45 S. E. 698). See, also, on the same subject, 19 Cyc. 363, and cases therein cited. In 2 Bishop on Criminal Procedure, section 368, it

is said: "In matter of evidence, if the imprisonment is proved, its unlawfulness will be *prima facie* presumed; but authority may be shown by the defendant in justification, or it will be equally effectual if it appears among the proofs against him." The rule is also recognized in *Stewart v. Feeley,* 118 Iowa, 524.

Other grounds of the motion for a new trial have been argued, but the errors therein complained of are of minor importance, and we shall not extend this opinion by a discussion of them. It is manifest from what has already been said that the trial court was fully justified in setting aside the verdict, and the order is therefore *affirmed.*