STATE OF IOWA, Appellee, v. LEW SMALL, Appellant.

OBSTRUCTING JUSTICE: Resisting Arrest Without Warrant. A peace officer who attempts to make an arrest without a warrant, because of acts which take place in his presence, may be validly and reasonably resisted by the one sought to be arrested, when said acts constitute no public offense or an attempt to commit a public offense.

*Appeal from Mahaska District Court.*—HENRY SILWOLD,
Judge.

OCTOBER 25, 1918.

THE defendant appeals from conviction of having re-
sisted an officer.—*Reversed and remanded.*

*Dan Davis,* for appellant.

*H. M. Havner,* Attorney General, for appellee.

LADD, J.—The defendant is charged with having re-
sisted arrest by a policeman without a warrant. His offense
is said to be the "using of loud, boisterous, obscene, and
abusive language in a public place, and disturbing the
peace and quiet of the community, and acting in a riotous,
indecent, and unlawful manner."

The policeman testified, in substance, that defendant
entered one Snyder's pool hall and asked for pop, saying
that "this was to put into some more alcohol," and, apply-
ing an epithet to the officer, added that he could not take
that away from him; that the witness responded that no
one had said anything about doing so; that Snyder then
asked defendant to leave, and he refused; whereupon the
witness advised him to go home, as he did not care about
arresting him, and defendant answered that he would not
do it; that there were not enough policemen in town to ar-
rest him, upon which the witness told him he was under ar-
rest, and took hold of him; that a scuffle ensued, in which
defendant struck the witness, and got him by the neck, and
both fell; that defendant then said that, if he were allowed
to get up, he would go with witness like a man; but, upon
arising, struck at the witness, and went out the door,
threatening the witness if he followed him, and went to
his home.

"Q. What caused you to arrest him? A. He began to
abuse me, and did not pay any attention to the house-man,

Mr. Snyder. Did not leave when told, and Snyder said, 'You will have to do something with him.' "

The defendant admitted entering the pool hall to purchase a couple of bottles of pop, and testified that, when he called for it, the officer suggested that he must be going to change the color of his drink; that defendant replied that it was none of his (the officer's) business; that one word brought on another, and finally the officer attempted to hit defendant with his club, and told him to go home; and he did go home, and the officer came down to his house; that the officer said nothing about arresting him; that he had not been drinking,—had no alcohol there; that he was in the hall not to exceed two minutes, and went straight home, and said nothing after he left the hall.

From this evidence, the jury might have found the controversy to have been solely between the officer and defendant; that the defendant was innocent of wrong-doing; and that no public offense was committed in the presence of the officer. An officer may make an arrest without a warrant:

"(1) For a public offense committed or attempted in his presence; (2) Where a public offense has in fact been committed, and he has reasonable ground for believing that the person to be arrested has committed it." Section 5196, Code.

An offense, then, must have been committed in the presence of the policeman, in order to have justified him in making the arrest. It is not enough that he may have so thought, or have had reasonable ground so to believe; the offense must actually have been attempted or committed in his presence, to have justified the arrest. *Snyder v. Thompson*, 134 Iowa 725; *Stearns v. Titus*, 193 N. Y. 272 (85 N. E. 1077). See note to *Price v. Tehan*, (Conn.) 34 L. R. A. (N. S.) 1182, in which the cases are collected.

In such a case, unless the conditions recited in the

statute exist, the arrest is unlawful, and the party arrested may resist with such force as appears to him, acting as an ordinarily prudent man, to be reasonably necessary. The law jealously guards the liberty of the citizen, and a public officer has no right, because of being clothed with the habiliments of office, to interfere therewith, save as provided. Nothwithstanding this, the court instructed the jury, in substance, that, if Blair was an officer, as alleged, and defendant knew this, and the officer informed him that he was under arrest, and required him to accompany him, and the defendant refused so to do, and made wilful resistance to the officer's taking him to the police station, he should be found guilty. This entirely overlooked the inquiry as to whether the defendant was engaged in the commission of any offense at the time of the arrest, and in this respect was erroneous. In the instructions following, the jury was told that defendant owed the duty to submit to the officer, if he knew of his official character when informed that he was arrested. He owed no such duty unless, at the time, he was engaged in the commission of a public offense. Judgment is *Reversed* and cause *Remanded*.

PRESTON, C. J., EVANS and SALINGER, JJ., concur.