## LENA EVANS v. GUS H. JORGENSON AND OTHERS.[1]

January 9, 1931.

No. 28,215.

*John E. Regan* and *A. J. Berndt,* for appellant.
*Gaarenstroom & Erickson* and *Frundt & Morse,* for respondents.

[1]Reported in 234 N. W. 292.

OLSEN, J.

Appeal by plaintiff from an order denying her motion for a new trial.

On the day and evening of September 17, 1929, a county fair was being conducted on the fair grounds at Fairmont. The defendant Eckman, a constable, and defendant Gus H. Jorgenson, the sheriff of the county, were policing the fair grounds and working together to some extent. Plaintiff and her husband attended the fair. At about five o'cock in the afternoon plaintiff left the fair grounds and went to her home to prepare supper for herself and her two children. The husband remained at the fair. At about seven o'clock she returned to the fair grounds. She found her husband under arrest, in the custody of the sheriff and constable, and being taken by them to the exit from the grounds. He had been arrested by the sheriff for being drunk. Plaintiff asked the officers to release her husband to her and said she would take care of him. After some demur and objections, the officers agreed to so release the husband. The sheriff instructed the constable to see to it that plaintiff and her husband went home and stayed there. He also said to the constable that if they came back to the fair grounds in the shape they were in he, the constable, should take them in. The constable then accompanied them part way to their home.

About two hours later plaintiff and her husband returned to the fair grounds. She testified that they went back there to look after and bring home their son, about 13 years of age, who was working in one of the stands on the fair grounds. Constable Eckman saw them there a few minutes after they arrived and at once arrested them and took them in custody. He took them to the county jail in Fairmont and confined them therein. The sheriff was not at the jail when they were brought in but came there later in the evening and saw and talked with them. He refused to release the plaintiff or permit her to go to her home. Plaintiff was kept in jail until about two o'clock the next afternoon and then released. The county attorney talked with her in the morning and said he wanted to investigate. He saw her again at the time she was released and said he had no charge against her. She was not brought before any

magistrate, and no one presented or filed any complaint against her in any court. No warrant was ever issued.

The constable and the sheriff were each called by plaintiff for cross-examination under the statute at the trial. They each testified that plaintiff was drunk and was arrested for being drunk. That being their claim and the facts being within the personal knowledge of the two officers, no further investigation was necessary in order to enable the two officers or either of them promptly to bring plaintiff before a magistrate and make complaint against her on the morning of September 18. It appears that her husband was brought before a magistrate in the forenoon of that day, pleaded guilty to a charge of being drunk, and was fined.

The defendants, other than the sheriff and constable, are Mrs. Jorgenson, the sheriff's wife, who is a deputy sheriff, and the bondsmen on the sheriff's official bond. The action is one to recover damages for false imprisonment. At the close of plaintiff's case defendants rested for the purpose of moving for a directed verdict. Motions were then made, one for a directed verdict in favor of the defendants other than Eckman on the ground that no cause of action had been proved as against them; the other for a directed verdict in favor of Eckman on the ground that there was a fatal variance between the allegations of the complaint and the proofs as to him. Both motions were granted.

■ The primary issue was whether plaintiff was drunk at the time she was arrested. Plaintiff by her testimony positively denied that she was in any degree drunk or that she drank any intoxicating liquor on the day of her arrest or at any other time. Her testimony that she was not intoxicated is corroborated by several witnesses. The most that defendants could claim on that issue was that it was a question of fact for the jury. It should have been so submitted.

■ Where an officer arrests a person without a warrant the burden rests upon the officer to plead and prove justification; otherwise the arrest is prima facie unlawful. Snyder v. Thompson, 134 Iowa, 725, 112 N. W. 239; Barker v. Anderson, 81 Mich. 508, 45

N. W. 1108; Tubbs v. Haessig, 149 Mich. 185, 112 N. W. 750; Raymond v. Corrigan, 37 S. D. 609, 159 N. W. 131; 25 C. J. 539, and notes 16 and 17 on that page.

■ The motion to direct a verdict in favor of defendant Eckman was on the ground of variance between the complaint and the proofs. In the complaint it was alleged that he was and acted as deputy sheriff in making the arrest. It developed on the trial that he was not a deputy sheriff but was and acted as constable of the township at the time. It is now practically conceded that the variance was not fatal, and we so hold. · There was no prejudice, and the defect in the complaint could readily have been cured by amendment. The liability of defendant Eckman should have been submitted to the jury.

■ As to the sheriff and his bondsmen, the evidence regarding the relations between Eckman and the sheriff and the sheriff's directions to Eckman to see to it that these parties went home and that if they came back to the fair grounds in the shape they were in Eckman should take them in—presumably to the county jail—was sufficient to make it a question of fact for the jury whether the arrest was made by the direction and under authority of the sheriff. The sheriff found the plaintiff in his jail. He apparently knew how she came to be there and was satisfied to keep her there without calling upon Eckman or anyone else for further explanation or cause. We have not overlooked the testimony of the sheriff and of Eckman to the effect that the sheriff had no connection with the arrest.

■ Whether plaintiff was detained in the jail for an unreasonable length of time by the sheriff was also a question of fact. If she was so detained, without bringing her before a magistrate, making complaint, or obtaining a warrant, the sheriff and his bondsmen would be liable. In Stromberg v. Hansen, 177 Minn. 307, 225 N. W. 148, plaintiff was kept in jail four and a half hours after the officer obtained a warrant before he was released. He had been in custody about three hours before the warrant was obtained. There was some excuse shown by the officer for not acting more

promptly. It was held a question of fact for the jury to determine whether the officer failed to take the prisoner before the magistrate within a reasonable time.

The record before us does not contain any evidence sufficient to show any liability on the part of Mrs. Jorgenson. No separate motion for a directed verdict or dismissal in her favor was made. On a new trial the court, if requested so to do, will no doubt dismiss as to her.

The order appealed from is reversed.