These are appeals from the Franklin County Circuit Court's order granting the defendants' motions for summary judgment. The evidence was presented to the court in the form of affidavits of defendants Johnny Gillette and Buford Barker and plaintiff Martha Kay Carruth. It is *Page 540 
from these affidavits that we obtain the facts of these cases.
Officers Gillette and Tedford responded to a call requesting them to go to the Bank of Red Bay. Upon arriving, they encountered the president of the bank, Mr. Bolton (also a defendant in this case), who asked them to stop the car that was leaving the parking lot. The car was driven by the plaintiff, Martha Carruth.
Gillette states that he and his partner, after stopping the plaintiff's car, called the police station for a license check. They were told that the license number did not match the make of the car, thus making it an improper tag. They then arrested Miss Carruth for having an improper tag and took her to jail.
Miss Carruth, however, claims that she left the bank parking lot and proceeded to a doctor's office. After discovering that the office was closed, she drove toward Mississippi. According to Miss Carruth, it was at this time that she was stopped by Gillette and Tedford. She was told by the police officers that they stopped her at the request of the bank president, Mr. Bolton.
The single issue for our review is whether the trial court properly granted the motions for summary judgment. After reviewing the evidence, we find that the trial court was correct and we uphold its judgments.
In order to grant summary judgments, the trial court had to find that there was no genuine issue as to any material fact and, therefore, that the defendants were entitled to judgment as a matter of law. Plaintiff contends that she was arrested and imprisoned without probable cause, thus making the arrest unlawful. We disagree.
Defendant Bolton, the bank president, requested that the officers make an investigatory stop of plaintiff's car. This act alone cannot be considered an arrest. The United States Supreme Court case of United States v. Cortez, 449 U.S. 411,101 S.Ct. 690, 66 L.Ed.2d 621 (1981), along with Vogel v.State, 426 So.2d 863 (Ala.Cr.App. 1980), holds that persons may be stopped for questioning without probable cause for an arrest. In Vogel, the court defined the proper standard as one of reasonable suspicion, based on objective facts suggesting criminal activity. The Court of Criminal Appeals had already held, in Rutherford v. State, 48 Ala. App. 289, 264 So.2d 210
(1972), that a radio signal from the police station suggesting illegal activity provided sufficient suspicion to stop an automobile.
Bolton merely requested a stop; the ensuing arrest came as a result of the officers' discovery that the plaintiff was operating a car with an improper tag. Defendant Bolton has no significant connection with the arrest of Miss Carruth, and summary judgment was, therefore, properly granted in favor of Mr. Bolton and the Bank of Red Bay.
Plaintiff also contends that her arrest was invalid because the officers' reason for arresting her was unclear. When considering whether an arrest is valid, a police officer's subjective intent is immaterial; the only requisite is that at the time the arrest is made, the police officer have probable cause. United States v. Seay, 432 F.2d 395 (5th Cir. 1970). Probable cause exists where facts and circumstances, of which the officer has reasonably trustworthy information, are sufficient to lead a reasonable man to believe that an offense has, in fact, been committed. Fennell v. State, 282 So.2d 373,378 (Ala.Cr.App. 1973). Officer Gillette stated, in his affidavit, that based on the radio call he received from the police station informing him of the plaintiff's improper tag, he arrested her. The officers' actions in this case were totally within established legal procedures, and the summary judgment in favor of the police officers was, therefore, properly granted.
For all of the above stated reasons, we agree with the decision of the trial court and uphold its judgments.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 541