Calvin Bernard Brooks brought suit against the City of Dothan and one of its police officers, Gary Coleman, alleging that he was unlawfully arrested and falsely imprisoned. The trial court granted the defendants' motion for summary judgment and this appeal ensued.[1]
Brooks was arrested on March 17, 1988, pursuant to a warrant issued by the Department of Corrections on January 25, 1988. Brooks, who at the time was enrolled in the Houston County Supervised Intensive Restitution Program, was charged with second degree escape for his failure to report to his supervisor. He contends that the warrant on which he was arrested on March 17 was invalid because, he says, he had been previously arrested and released for second degree escape based upon the same set of facts.
Summary judgment is proper only when the pleadings and affidavits submitted by the movant show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P., Bon Secour Fisheries, Inc. v. Barrentine,408 So.2d 490 (Ala. 1981).[2]
In support of its motion for summary judgment, the defendant city submitted several affidavits, a copy of a teletype sent to the Dothan Police Department, and a copy of the warrant in question. James Browder, Brooks's Supervised Intensive Restitution supervisor, averred that he swore out the warrant in question and that he was notified on March 17, 1988, that the Dothan Police had apprehended Brooks. Officer Brian Brackin of the Dothan Police Department averred that he arrested Brooks on March 17 in response to a teletype from the Department of Corrections. Officer Gary Coleman averred that he was not involved in Brooks's arrest in any way. The teletype requesting the arrest of Brooks was dated March 17 and does specifically refer to the warrant in question.
In determining when an arrest is valid, a police officer's subjective intent is immaterial; the only requisite is that the police officer, at the time the arrest is made, have probable cause to believe that a felony has been committed and that the defendant committed it. Carruth v. Barker, 454 So.2d 539
(Ala. 1984).
 "Probable cause exists where facts and circumstances, of which the officer has reasonably trustworthy information, are sufficient to lead a reasonable man to believe that an offense has, in fact, been committed."
454 So.2d at 540.
In this case, Officer Brackin arrested Brooks based upon a teletype from the Department of Corrections, which stated that Brooks was wanted for second degree escape. The affidavit shows that Brackin had probable cause based upon this information to arrest Brooks; therefore, for the purposes of this case the arrest was valid. Because it appears that Brooks has based the City's alleged liability upon the alleged acts of Officer Brackin, summary judgment was properly entered in favor of the City.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] The trial court's summary judgment in favor of Officer Coleman is not an issue in this appeal.
[2] This suit was filed on September 8, 1988; therefore, the "substantial evidence rule" applies. See Ala. Code 1975, §12-21-12. *Page 164