McMILLAN, Judge.
The appellant was indicted on three counts of enticement, in violation of § 13A-6-69, Code of Alabama 1975, one count of kidnap *835 ping in the second degree, in violation of § 13A-6-44, Code of Alabama 1975, and one count of possession of obscene material, in violation of § 13A-12-192(b), Code of Alabama 1975. These cases were consolidated for trial and the appellant was found guilty of kidnapping in the first degree, possession of obscene material, two counts of enticement, and the lesser-included offense of indecent exposure on one of the counts charging enticement.
Pursuant to the Habitual Felony Offender Act, the appellant was sentenced to life imprisonment on each of the four felony convictions, and to time served on the misdemeanor conviction of indecent exposure. The appellant was also ordered to pay restitution and court costs.
I
The appellant argues that the trial court committed reversible error when it denied his motion to suppress the evidence, on the grounds that it was tainted by the arresting officer’s illegal entry into the appellant’s motel room. Specifically, the appellant argues that, because his arrest was illegal and because the Alabama officers’ entry into his motel room was predicated on that arrest, any of the evidence that was visible in his motel room and that was seized as a result of the ensuing search, was inadmissible pursuant to the “fruit of the poisonous tree” doctrine.
The record indicates that, during approximately a 4-week period, 10 or more incidences of sexual enticement and sexual abuse of young females, varying in age from 2⅜ years old to 11 years old, occurring in Foley and Gulf Shores were reported to the Gulf Shores Police Department and the Baldwin County Sheriffs Department. Although the offender’s modus operandi varied among the incidences, the victims’ descriptions generally identified a heavyset white man, 40 to 50 years old, balding with grayish hair. They said the man was driving a small gray automobile. According to the victims, the man tended to expose himself before enticing them. Pursuant to the investigation, a composite drawing was made and distributed, and a “be-on-the-lookout” alert was issued throughout the area.
During the time that the incidences were being reported, an officer observed a small gray car in the area of two of the reported incidences, and he recorded the vehicle’s tag number. On the same day, another officer stopped the same vehicle in the area of another of the incidences, because it met the description of the suspect’s car. Approximately a week later, another officer observed the car parked at the Beach Port Resort Motel, formerly the Passport Inn, in Gulf Shores, Alabama. Approximately two weeks later, law enforcement agents from Santa Rosa County, Florida, contacted the Gulf Shores Police Department concerning a man who was wanted on charges of sexual battery in Santa Rosa County. Two warrants were issued for the man’s arrest. The Florida officers also informed the Gulf Shores Police Department that the man was on probation in Florida. They requested assistance in locating the subject and had as his last known address the Beach Port Resort Motel.
On the day of the arrest, a lieutenant with the Santa Rosa County Sheriffs Department, who had the warrants from Florida, an F.B.I. officer from Pensacola, Florida, an officer from the Pensacola Police Department, an F.B.I. officer from Mobile, an agent with the United States Customs Department, officers from the Gulf Shores Police Department, and officers from the Baldwin County Sheriffs Department all drove to the Beach Port Resort Motel. The appellant did not consent to the officers’ request to enter the room and to conduct a search. However, he admitted the officers when the lieutenant from the Santa Rosa County Sheriffs Department informed the appellant that he had a warrant for sexual battery out of Santa Rosa County against him. However, a sergeant with the Gulf Shores Police Department arrested the appellant for being a fugitive from justice based on the Florida warrants. The State concedes that the officers did not have a fugitive from justice warrant, required by § 15-9-40, Code of Alabama 1975. The appellant was taken, to the police station in Gulf Shores and was subsequently jailed in the Baldwin County jail in Bay Minette.
*836 While the Alabama officers were in the appellant’s motel room, they observed a number of items that had been described by the Alabama victims when they were recounting the circumstances of the offenses. The Alabama officers then procured a search warrant and recovered the following items of evidence: a camcorder, a yellow, striped shirt, shorts, boxes of assorted candy under the bed, a tag receipt for a gray four-door 1989 Chevrolet Cavalier automobile, 14 magazines containing pictures of nude children, photographs depicting oral sex, letters and photographs from Sweden, a letter ordering “video naturists” cassettes, pamphlets containing photographs of nude children, a Polaroid camera, two road maps, an electric massager, a nudist park guidebook, books entitled Deviant Psyche and The Perfect Victim, a 13-day-old newspaper that had the picture of the composite drawing of the suspect in these cases, a bottle of Grecian Formula hail’ color, a video cassette recorder, a pail’ of gray slacks, and a baseball hat with the logo “Sunburst Resort.” The following morning, the Alabama officials obtained a fugitive from justice warrant.
The appellant argues that, because the Alabama officials did not have a fugitive from justice warrant when making the arrest, the arrest was illegal. According to § 15-9-40, Code of Alabama 1975:
“Whenever any person within this state shall be charged on the oath of any credible person before any district or circuit court judge of this state with the commission of any crime in any other state and, except in cases arising under section 15 — 9— 34, with having fled from justice; or whenever complaints shall have been made before any district or circuit court judge in this state setting forth on the affidavit of any credible person in another state that a crime has been committed in such other state, that the accused has been charged in such state with the commission of the crime and, except in cases arising under section 15-9-34, that he has fled from justice and is believed to have been found' in the state, the judge shall issue a warrant directed to the sheriff of the county in which the oath or complaint is filed, directing him to apprehend the person charged, wherever he may be found in this state, and bring him before the same or any other district or circuit court judge who may be convenient of access to the place where the arrest may be made to answer the charge or complaint and affidavit. A certified copy of the sworn charge or complaint and affidavit upon which the warrant is issued shall be attached to the warrant.”
At trial, the appellant objected to the introduction of any of the obtained evidence because, he argued, it was acquired pursuant to the illegal warrantless arrest. The prosecutor responded that the Florida warrants justified the arrest; however, defense counsel argued that the appellant was not arrested pursuant to these warrants because he was arrested by Alabama officials and imprisoned in Alabama. The prosecutor subsequently argued that the Florida warrants supplied probable cause for arresting the appellant for the offense of being a fugitive from justice, despite the absence of the warrant. In brief on appeal, the State argues that the arrest for fugitive from justice was proper, pursuant to § 15-9-41, Code of Alabama 1975, which justifies an arrest for this offense without a warrant under certain conditions. Section 15-9-41, Code of Alabama 1975, provides:
“The arrest of a person may be lawfully made also by an officer or a private citizen without a warrant upon reasonable information that the accused stands charged with a crime punishable by death or life imprisonment in the courts of another state. When so arrested, the accused must be taken before a district or circuit court judge with all practicable speed and complaint must be made against him under oath setting forth the ground for the arrest as in section 15-9-40, and thereafter his answer shall be heard as if he had been arrested on a warrant.”
The State has supplemented the record with documents from Florida proving that the Florida crimes were in fact punishable by life imprisonment, as required for a warrantless arrest pursuant to § 15-941, Code of Alabama 1975. See Ex parte Hamm, 564 So.2d 469 (Ala.), cert. denied, 498 U.S. 1008, 111 *837 S.Ct. 572, 112 L.Ed.2d 579 (1990) (wherein the Alabama Supreme Court held that, although the warrant in possession of the arresting officer did not comply with § 15-9-40, the arrest was valid without a warrant under this section, because the police had a written communication from the Mississippi authorities indicating that he had been charged with a capital offense in Mississippi). However, in the present case, there is no indication in the recoi’d that the Alabama authorities knew at the time of arrest that the Florida offenses were punishable by life imprisonment. Although the record was supplemented approximately a year after trial to indicate that the offenses were punishable by life imprisonment, in his reply brief, the appellant objected to this supplementation and argued that, because the Florida documents were not in evidence at trial, they should not be considered on appeal. Thus, the facts indicate that although there was sufficient probable cause to justify a warrant-less arrest for the offense of being a fugitive from justice, the statutory requirement that such an arrest can be effected only if the officers know that the accused is charged with a crime punishable by life imprisonment or by death was not met.
However, the evidence at trial indicates that there was sufficient probable cause to justify the appellant’s arrest for the sexual offenses that were committed in Alabama. The fact that the arresting officer announced that the appellant’s arrest was based on the fact that he was a fugitive from justice, did not result in an improper arrest because there was probable cause to support the arrest on the other offenses.
“ ‘ “When an officer makes an arrest, which is properly supported by probable cause to arrest for a certain offense, neither his subjective reliance on an offense for which no probable cause exists nor his verbal announcement of the wrong offense vitiates the arrest.” United States v. Saunders, 476 F.2d 5, 7 (5th Cir.1973). See generally 2 W.LaFave, Search and Seizure § 5.1(e) at 416 n. 168 (2d ed. 1987).’ Powell v. State, 548 So.2d 590 (Ala.Cr.App.1988) (arrest for concealing identity under an unconstitutional city ordinance immaterial where there was probable cause to arrest for capital murder). ‘[T]he validity of the arrest should be judged by whether the arresting officers actually had probable cause for the arrest, rather than by whether the officers gave the arrested person the right reason for the arrest.’ United States v. Lester, 647 F.2d 869, 873 (8th Cir.1981). See also United States v. Rambo, 789 F.2d 1289, 1293-95 (8th Cir.1986); Ricehill v. Brewer, 338 F.Supp. 1311 (S.D.Iowa 1971), affirmed, 459 F.2d 537 (8th Cir.1972); Reese v. State, 145 Ga.App. 453, 243 S.E.2d 650, 652 (1978); State v. Wilkens, 364 So.2d 934, 937 (La.1978). In each of these cases, the accused was arrested for a stated offense which was not supported by probable cause, but the arrests were upheld because probable cause to arrest for another offense actually existed.”
Callahan v. State, 557 So.2d 1292, 1302-03 (Ala.Cr.App.1989), affirmed, 557 So.2d 1311 (Ala.1989), cert. denied, 498 U.S. 881, 111 S.Ct. 216, 112 L.Ed.2d 176 (1990), See also Brooks v. City of Dothan Police Dep’t, 562 So.2d 162, 163 (Ala.1990) (“In determining when an arrest is valid, a police officer’s subjective intent is immaterial; the only requisite is that the police officer, at the time the arrest is made, have probable cause to believe that a felony has been committed and that the defendant committed it.” Id., citing Carruth v. Barker, 454 So.2d 539 (Ala.1984)). See also Scott v. United States, 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978).
In the present case, the Alabama police officers had the following particularized facts to support their argument that they had probable cause to believe that the appellant had committed sexual offenses in Alabama. The child victims consistently described the offender as driving a gray or light blue small automobile, and a small gray automobile was seen by the police in the area of two of the offenses and the police recorded the tag number of that automobile. That same vehicle was later seen parked at the Beach Port Resort Motel, which was also the last known address for a man against whom warrants were issued in the state of Florida for the *838 sexual battery of young females, the same type of victims as in the Alabama offenses.
“Probable cause to support a warrant-less arrest must exist at the time of the arrest. Davis v. State, 507 So.2d 1023 (Ala.Cr.App.1986). Probable cause exists if facts and circumstances known to the arresting officer are sufficient to warrant a person of reasonable caution to believe that the suspect has committed a crime. United States v. Rollins, 699 F.2d 530 (11th Cir.), cert. denied, 464 U.S. 933, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). ‘In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act....’ Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1891 (1949). ‘ “The substance of all the definitions of probable cause is a reasonable ground for belief of guilt.” ’ Id. ‘Probable cause to arrest is measured against an objective standard and, if the standard is met, it is unnecessary that the officer subjectively believe that he has a basis for the arrest.’ Cox v. State, 489 So.2d 612 (Ala.Cr.App.1985). The officer need not have enough evidence or information to support a conviction in order to have probable cause for arrest. Only a probability, not a prima facie showing, of criminal activity is the standard of probable cause. Stone v. State, 501 So.2d 562 (Ala.Cr.App.1986). ‘ “[Pjrobable cause may emanate from the collective knowledge of the police....”’ Ex parte Body, 542 So.2d 1276, 1284 (Ala.1989) (citations omitted).”
Dixon v. State, 588 So.2d 903, 906 (Ala.1991).
Based on the collective knowledge of the police, there were sufficient facts to cause a reasonable person to believe that the suspect had committed a crime. Therefore, because the arrest was proper, the search and seizure of the incriminating evidence was legal and the trial court correctly denied the appellant’s motion to suppress.
II
The appellant argues that the trial court erred in denying his motion for a new trial based on newly discovered evidence. The evidence in question was a letter, allegedly written by James Morgan, in which Morgan admitted that he committed the offenses. The letter was written to the trial judge following the trial. During the hearing on the appellant’s motion for a new trial, the appellant’s mother testified that James Morgan, who was her nephew, visited her during the summer that the offenses for which the appellant was convicted occurred and that James also fit the description of the man given by the victims. However, the trial court found that this testimony was not newly discovered, because the appellant, his mother, and his brother all knew before and during the trial that James Morgan had visited the mother during that summer. Although the appellant now argues that the obscene material belonged to his cousin, he never so testified before, although his cousin lived with his brother and him in the motel room for months. At trial, the appellant admitted that he was a nudist and that a lot of the evidence belonged to him. He stated that he did not know who owned the magazines recovered.
To be entitled to a new trial, a defendant must prove that the newly discovered evidence will probably change the result of the first trial if a new trial is granted; that the evidence has been discovered since the time of trial; that the evidence could not have been discovered before the trial by the exercise of due diligence; that the evidence is material; and that the evidence is not merely cumulative or impeaching. Marks v. State, 575 So.2d 611 (Ala.Cr.App.1991).
In the present ease, although the letter was mailed to the trial judge after the trial, the evidence could clearly have been discovered before trial by the exercise of due diligence. Moreover, it is highly doubtful that this evidence would change the result of the trial, in view of the appellant’s admissions, the out-of-court identification of the appellant as the offender by two of the victims, and the warrants issued on the appel *839 lant in Florida. Therefore, we find no error in the trial court’s ruling.
III
The appellant argues that the trial court erred in allowing into evidence a pah’ of shorts that belonged to one of the victims. The appellant bases this claim on the allegation that there was a break in the chain of custody. However, the record indicates that the shorts were admitted, without objection, during the questioning of the forensic serologist. The appellant failed to object on this ground until after the State had rested its case. Therefore, the objection came too late to preserve this issue. See Adams v. State, 585 So.2d 161 (Ala.1991).
IV
The appellant argues that, because he was not positively identified in court by the victims, “harmful error has been committed.” The record indicates that the appellant never objected at trial to the fact that none of the children identified him during the trial. Thereafter, during the hearing on his motion for a new trial, in the course of arguing the newly discovered evidence, defense counsel made the following comment: “Judge, one thing that I feel that negates that reasoning is the fact that not a single one of these children that took the stand ever identified Joe Morgan.” This comment was made in arguing that the Morgan letter constituted newly discovered evidence and was not made as an objection. Because this matter was not raised at trial, this issue is not preserved for review. Dennis v. State, 584 So.2d 548 (Ala.Cr.App.1991); Fisher v. State, 439 So.2d 176, 177 (Ala.Cr.App.1983); Trawick v. State, 431 So.2d 574, 578-79 (Ala.Cr.App.1983).
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur;
BOWEN, P.J., concurs in result only with opinion;
MONTIEL, J., joins BOWEN, J., opinion.