We granted certiorari review in order to determine whether the certain evidence seized following a warrantless arrest was admissible.
The defendant, Joseph Morgan, was found guilty of kidnapping in the first degree, possession of obscene material, two counts of enticement, and indecent exposure. At trial, Morgan argued that his arrest was improper and that evidence found following that arrest was inadmissible because of the "fruit of the poisonous tree" doctrine. The Court of Criminal Appeals affirmed the conviction, holding that the defendant's arrest was proper and that evidence found pursuant to that arrest was admissible.
The Court of Criminal Appeals set out the facts in Morgan v.State, 641 So.2d 834 (Ala.Cr.App. 1992). However, we feel it necessary to recite the facts as found by that court in order to better present the issue in this case:
 "The record indicates that, during approximately a 4-week period, 10 or more incidences of sexual enticement and sexual abuse of young females, varying in age from 2 1/2 years old to 11 years old, occurring in Foley and Gulf Shores were reported to the Gulf Shores Police Department and the Baldwin County Sheriffs Department. Although the offender's modus operandi varied among the incidences, the victims' descriptions generally identified a heavyset white man, 40 to 50 years old, balding with grayish hair. They said the man was driving a small gray automobile. According to the victims, the man tended to expose himself before enticing them. Pursuant to the investigation, a composite drawing was made and distributed, and a 'be-on-the-lookout' alert was issued throughout the area.
 "During the time that the incidences were being reported, an officer observed a small gray car in the area of two of the reported incidences, and he recorded the vehicle's tag number. On the same day, another officer stopped the same vehicle in the area of another of the incidences, because it met the description of the suspect's car. Approximately a week later, another officer observed the car parked at the Beach Port Resort Motel, formerly the Passport Inn, in Gulf Shores, Alabama. Approximately two weeks later, law enforcement agents from Santa Rosa County, Florida, contacted the Gulf Shores Police Department concerning a man who was wanted on charges of sexual battery in Santa Rosa County. Two warrants were issued for the man's arrest. The Florida officers also informed the Gulf Shores Police Department that the man was on probation in Florida. They requested assistance in locating the subject and had as his last known address the Beach Port Resort Motel.
 "On the day of the arrest, a lieutenant with the Santa Rosa County Sheriff's Department, who had the warrants from Florida, an F.B.I. officer from Pensacola, Florida, an officer from the Pensacola Police Department, an F.B.I. officer from Mobile, an agent with the United States Customs Service, officers from the Gulf Shores Police Department, and officers from the Baldwin County Sheriff's Department all drove to the Beach Port Resort Motel. The appellant did not consent to the officers' request to enter the room and conduct a search. However, he admitted the officers when the lieutenant from the Santa Rosa County Sheriff's Department informed [him] that he had a warrant for sexual battery out of Santa Rosa County against him. However, a sergeant with the Gulf Shores Police Department arrested [Morgan] for being a fugitive from justice based on the Florida warrants. The State concedes that the officers did not have a fugitive from justice warrant, required by § 15-9-40, Code of Alabama 1975. [Morgan] was taken to the police station in Gulf Shores and was subsequently *Page 842 
jailed in the Baldwin County jail in Bay Minette.
 "While the Alabama officers were in [Morgan]'s motel room, they observed a number of items that had been described by the Alabama victims when they were recounting the circumstances of the offenses. The Alabama officers then procured a search warrant and recovered the following items of evidence: a camcorder, a yellow striped shirt, shorts, boxes of assorted candy under the bed, a tag receipt for a gray four-door 1989 Chevrolet Cavalier automobile, 14 magazines containing pictures of nude children, photographs depicting oral sex, letters and photographs from Sweden, a letter ordering 'video naturists' cassettes, pamphlets containing photographs of nude children, a Polaroid camera, two road maps, an electric massager, a nudist park guidebook, books entitled Deviant Psyche and The Perfect Victim, a 13-day-old newspaper that had the picture of the composite drawing of the suspect in these cases, a bottle of Grecian Formula hair color, a video cassette recorder, a pair of gray slacks, and a baseball hat with the logo 'Sunburst Resort.' The following morning, the Alabama officials obtained a fugitive from justice warrant."
641 So.2d at 835-36.
Morgan moved to suppress the evidence found in his hotel room, arguing that it had been obtained upon an illegal warrantless arrest. The trial court denied the motion and admitted the evidence.
The Court of Criminal Appeals held that the police had arrested Morgan for being a fugitive from justice, but had failed to obtain a fugitive from justice warrant required by § 15-9-40, Ala. Code 1975. Under § 15-9-41, an officer may arrest a person without a warrant upon reasonable information that the person is charged with a crime punishable by death or by life imprisonment in another state. Here, even though Morgan was charged in Florida with crimes that were punishable by life imprisonment, the police, at the time of Morgan's arrest, were unaware that the charges were punishable by life imprisonment, according to the Court of Criminal Appeals. Nevertheless, the Court of Criminal Appeals held that sufficient probable cause existed to arrest Morgan for sexual offenses occurring in Alabama, and, therefore, that the warrantless arrest and subsequent search were proper.
Morgan argues that the warrantless arrest was invalid under § 15-9-40 and § 15-9-41. Morgan contends that the officers saw certain incriminating material in "plain view" when they arrested him and that part of their basis for the subsequent search warrant was the material that they had seen during the illegal arrest. On the premise that the arrest was invalid, Morgan further argues that the subsequent search and seizure of evidence inside his motel room were illegal and that the evidence was therefore inadmissible as "fruit of the poisonous tree."
We agree that the warrantless arrest was invalid; it did not meet the requirements of § 15-9-40 and § 15-9-41, because the police did not have a fugitive from justice warrant before making the arrest and did not know before the arrest that the crimes Morgan was charged with were punishable by life imprisonment. However, the Court of Criminal Appeals held that under the facts of this case probable cause alone was enough to justify the warrantless arrest and the subsequent search. That holding is incorrect.
The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. Payton v. New York, 445 U.S. 573,100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The United States Supreme Court held in Vale v. Louisiana, 399 U.S. 30, 34-35,90 S.Ct. 1969, 1971-72, 26 L.Ed.2d 409 (1970), that a warrantless search of a home cannot be justified on probable cause alone. The exception to the requirement of a search warrant is the existence of probable cause and exigent circumstances. Payton.
The protection against warrantless searches and seizures in regard to a dwelling has been extended to motel rooms. UnitedStates v. Diaz, 814 F.2d 454 (7th Cir. 1987), cert. denied,484 U.S. 857, 108 S.Ct. 166, 98 L.Ed.2d 120 (1987). *Page 843 
On these facts, we must conclude that the State failed to show that the search and seizure were justified by probable cause plus exigent circumstances. However, the search and seizure in this case fall under the protection of the "good faith" exception to the Fourth Amendment exclusionary rule. The good faith exception provides that evidence obtained in violation of the Fourth Amendment by officers acting in objectively reasonable reliance on a warrant issued by a neutral and detached magistrate need not be excluded from the State's case-in-chief even if the warrant is ultimately found to be invalid. United States v. Leon, 468 U.S. 897,104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The officers' reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant the magistrate issued must be objectively reasonable. Leon.
"The exclusionary rule [of the Fourth Amendment] is neither intended nor able to 'cure the invasion of the defendant's rights which he has already suffered,' " but rather "operates as 'a judicially created remedy designed to safeguardFourth Amendment rights generally through its deterrent effect [of preventing subsequent police misconduct].' " Leon,468 U.S. at 906, 104 S.Ct. at 3412. The deterrent effect must be balanced against the "substantial social cost" the rule imposes. Leon,468 U.S. at 907, 104 S.Ct. at 3412.
 "[W]hen law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred [by the exclusionary rule] on such guilty defendants offends basic concepts of the criminal justice system."
Leon, 468 U.S. at 908, 104 S.Ct. at 3412.
In a more recent case, the United States Supreme Court, found no Fourth Amendment violation when police made a warrantless search of an apartment based on their reasonable belief that they had valid consent to search, when in fact they did not.Illinois v. Rodriguez, 497 U.S. 177, 110 S.Ct. 2793,111 L.Ed.2d 148 (1990). In Rodriguez, the officers interviewed an assault complainant who referred to the defendant's apartment as "our" apartment and who had a key to the apartment. The officers never sought a search warrant and discovered only later that the complainant had no common authority over the apartment but had merely been an infrequent visitor there. The Supreme Court held that despite the failure to obtain a warrant or to determine who had a possessory interest in the apartment, the evidence seized in the search would be admissible if, in light of all the circumstances, the officers' belief that they had consent was objectively reasonable. Rodriguez.
In this case, a Florida law enforcement official had two Florida warrants in his possession at the time of the arrest. It is clear from the record that the arresting officer knew that Morgan had been charged with sexual battery in Florida, that he had seen the Florida warrants, and that the Florida warrants were in the possession of the Florida officer at the scene. Under § 15-9-40, the Florida warrants, if properly authenticated, would serve as a basis for a fugitive from justice warrant. The day following Morgan's arrest, a valid fugitive from justice warrant was issued. Here, an objective officer could have reasonably relied upon the two Florida warrants in the possession of a Florida law enforcement official present at the arrest scene to conduct the warrantless arrest.
Based on the foregoing, we conclude that while the arrest was invalid, the exclusionary rule is not applicable, and we therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL, INGRAM and COOK, JJ., concur.
HOUSTON, J., concurs in the result.
ALMON, J., dissents.